UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS K. KURIAN, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>SNAPS HOLDING COMPANY, a North Dakota domestic corporation,<br><br>            Defendant. | Case No. 2:19-cv-01757-GMN-EJY<br><br>**ORDER** |

Before the Court is Plaintiff Thomas K. Kurian's Motion for Leave to Amend Complaint to Add Parties (ECF No. 17). The Court has considered Plaintiff's Motion, Defendant SNAPS Holding Company's ("SNAPS") Response (ECF No. 19), and Plaintiff's Reply (ECF No. 21). The Court finds as follows.

**I.    BACKGROUND**

This case commenced in the Eighth Judicial District Court for Clark County, Nevada, in June 2019, and was subsequently removed to this Court based on diversity jurisdiction, which is not threatened by the proposed First Amended Complaint ("FAC") as the added party remains completely diverse from all other parties. In his Motion, Plaintiff argues that (i) the request to amend is timely under the Scheduling Order (ECF No. 15), (ii) Fed. R. Civ. P. 15(a)(2) provides a liberal standard for amendment, (iii) "the Supreme Court of North Dakota … concluded 'SNAPS exercises total control over the management and activities of IDA [of Moorhead Corporation ("IDA")] and was the alter ego of IDA'";[1] and (iv) adding IDA as a defendant is proper because IDA is the alter ego of SNAPS.

In the facts section of the FAC Plaintiff alleges, in sum, that (i) IDA "is the alter ego of SNAPS who exercises total control over the management and activities of IDA;" (ii) IDA, as the alter ego of SNAPS, breached a Spectrum Manager Lease Agreement (the "Agreement") by failing

---

[1]    The case Plaintiff attaches to its Motion is *SNAPS Holding Company v. Leach*, 895 S.W.2d 763 (N.D. 2017), which arose out of cross appeals from a state district court decision finding the defendants breached a stock purchase agreement with SNAPS. *Id*. at 766.

1

to build out or provide "substantial services to two-third[s] of the leased area population … as per the parties' agreement;" (iii) SNAPS and IDA operated stations that fail "to comport with FCC acceptance in violation of" the Agreement; and, (iv) "SNAPS and IDA operated Permanent Stations" in a manner that put Plaintiff's "license in danger" creating "potential legal liabilities" for Plaintiff. Plaintiff then alleges that SNAPS and IDA, as its alter ego, breached the Agreement (the first cause of action), interfered with Plaintiff's prospective economic opportunity (the third cause of action), and breached the covenant of good faith and fair dealing (the fourth cause of action). Plaintiff further seeks injunctive relief (the sixth cause of action), and asserts a cause of action titled "Alter Ego Piercing the Corporate Veil (the seventh cause of action). Plaintiff's second cause of action for fraud/misrepresentation states that "SNAPS induced Plaintiff to enter into an agreement with SNAPS by making false representations as to its true intentions surrounding the Agreement" and that therefore SNAPS and its alter ego, IDA, have injured Plaintiff. Plaintiff's fifth cause of action for declaratory relief states only that there exists "an actual, real and substantial controversy … between Plaintiff[] and "Defendant …." ECF No. 17-1.

In opposition, SNAPS argues that Plaintiff fails to assert facts sufficient to assert any claim against IDA and the single assertion of alter ego does not save the FAC from this fatality. SNAPS points out that the Agreement is between Plaintiff and SNAPS only and that the FAC should be denied as futile.

**II.     DISCUSSION**

Whether Plaintiff's separate cause of action title "Alter Ego Piercing the Corporate Veil" is a claim or a remedy is not an issue the Court reaches in this Order because, for the reasons stated below, Plaintiff's proposed FAC fails to state sufficient facts upon which an alter ego claim or remedy could be granted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure is liberally construed and amendment of a complaint should be granted "when justice so requires." *Id*.; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, when a proposed amendment is futile,

amendment is properly denied. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). That is, a court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

A properly pled claim must include "[a] short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Federal Rule of Civil Procedure 8 does not require detailed factual allegations, the Rule demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to state a claim and survive a motion to dismiss, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court outlined the two-step approach district courts apply when considering motions to dismiss—that is, whether a party has stated a claim upon which relief may be granted. First, the Court must accept as true all well-pled factual allegations in the complaint, while legal conclusions are not entitled to the same assumption of truth. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient to meet this standard. *Id.* Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570; *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir.2011) ("First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the

factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

Here, Plaintiff's proposed FAC seeks to include IDA as a defendant based on the contention that IDA is the alter ego of SNAPS. To state that an alter ego relationship exists, a party must plead that (1) a corporation is influenced and governed by the alleged alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice. Nev. Rev. Stat. 78.747(2); *Lorenz v. Beltio Ltd.*, 963 P.2d 488, 496 (Nev. 1998). However, the entirety of Plaintiff's *factual* allegations regarding alter ego are found in paragraph 6 of the FAC stating, in a conclusory fashion, that IDA "is the alter ego of SNAPS who exercises total control over the management and activities of IDA." This conclusory allegation is insufficient to state a claim against IDA based on its alleged alter ego relationship to SNAPS.

Plaintiff's dependence on *SNAPS Holding Company v. Leach*, *infra*, does not help. The North Dakota Supreme Court did not decide that IDA was the alter ego of SNAPS. Rather, the decision in *SNAPS Holding v. Leach* was based on a decision issued by an Arizona state court finding that an action to enforce a judgment obtained by SNAPS against Jim Leach (the former owner of IDA), in a North Dakota court, was unenforceable under Arizona law because (1) "SNAPS exercised total control over the management and activities of IDA and was the alter ego of IDA" and, (2) "both Arizona and North Dakota law prohibit contribution between intentional joint tortfeasors." 895 N.W.2d at 767.

The decision by an Arizona state court (to which Plaintiff provides no cite and no cite is found in the North Dakota decision) is not binding on this Court. And, Plaintiff pleads no facts in his proposed FAC upon which the Court may rely to take Plaintiff's alter ego claim from conceivable to plausible. Plaintiff does not allege how or why potentially holding only SNAPS responsible for a breach of contract, to which IDA is not a party, would result in fraud or injustice. SNAPS also pleads nothing whatsoever upon which the Court can reasonably infer that there is such a unity of interest and ownership between SNAPS and IDA that one is inseparable from the other. That the

4

president and CEO of SNAPS, at the time of the North Dakota decision cited above, may have entered into a stock purchase agreement of IDA does not mean that the adherence to the corporate fiction of separate entities would sanction a fraud and permit an abuse of the legal benefits of true corporations. In sum, the allegations in paragraph 6 of Plaintiff's FAC have not crossed the line from conceivable to plausible. Rather, the allegations state only a legal conclusion. As such Plaintiff's proposed FAC seeking to add IDA as a co-defendant is futile as currently pled.

The above said, Plaintiff sought to amend his Complaint before the deadline to file such an amendment expired based on the timeline set forth in the parties' discovery plan and scheduling order. The Court's failure to rule on the Motion until after the expiration of that deadline should not prejudice Plaintiff.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff Motion to Amend Complaint to Add Parties (ECF No. 17) is DENIED without prejudice. Plaintiff shall have ten calendar days from the date of this Order to file a renewed motion to amend the Complaint, if he so chooses, for the sole purpose of attempting to add IDA as a defendant. No parties, claims or causes of action, other than those proposed in Plaintiff's attachment to ECF No. 17, shall be entertained by the Court.

DATED: April 21, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE