UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS K. KURIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SNAPS HOLDING COMPANY, a North Dakota domestic corporation,<br><br>Defendant. | Case No. 2:19-cv-01757-GMN-EJY<br><br>**ORDER** |

Before the Court is Defendant SNAPS Holding Company's Motion for Leave to Amend Answer to Add Counterclaims (ECF No. 18). The Court has considered Defendant's Motion, Plaintiff's Response (ECF No. 20), and Defendant's Reply (ECF No. 22). The Court finds as follows.

**I.     BACKGROUND**

This case commenced in the Eighth Judicial District Court for Clark County, Nevada, in June 2019, and was subsequently removed to federal court based on diversity jurisdiction. The Answer to the Complaint was filed on October 15, 2019 (ECF No. 5). The parties original Discovery Plan and Scheduling Order ("DPSO") was entered on November 26, 2019 (ECF No. 16), and a Stipulated Protective Order was entered on February 13, 2020 (ECF No. 25). An amended discovery plan and scheduling order was entered on March 23, 2020 (ECF No. 27). The instant Motion was filed on January 13, 2020, the original cutoff date for motions to amend pleadings or add parties pursuant to the terms of the DPSO.

Defendant's Motion seeks to add seven counterclaims including breach of contract, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, breach of the covenant of good faith and fair dealing, and tortious interference with prospective economic advantage. ECF No. 18-1. In support of its counterclaims, Defendant alleges a set of facts, apparently confirmed through emails and other 2014 communication, pertaining to Plaintiff's representations regarding the Spectrum Manager Lease Agreement (the "Agreement") that

1

1  supposedly induced SNAPS to enter into the Agreement. *Id*. Defendant thereafter avers that the FCC granted Plaintiff's Compliance Renewal Application to renew the wireless spectrum frequency license (the "Spectrum License"), identified by call sign WQCP809, "based on the FCC's determination that the Spectrum License was being operated in compliance" with requirements that had to be satisfied by April 26, 2015. *Id*. ¶ 14. Defendant claims that despite this renewal, beginning in June 2016, Plaintiff threatened to terminate the Agreement alleging the FCC would cancel the Spectrum License if Defendant "did not build its own infrastructure to provide" services required under the Agreement. *Id*. ¶ 16. Defendant further contends that, in January 2019, Plaintiff again threatened to terminate the Agreement because Defendant allegedly failed to meet service requirements while also telling Defendant the FCC would cancel Plaintiff's Spectrum License unless Defendant began "deploying its own infrastructure using its own equipment" instead of using Plaintiff's infrastructure and equipment. *Id*. ¶ 18. Defendant states that, despite no obligation to do so, it notified Plaintiff of compliance, but that Plaintiff nonetheless applied to the FCC to cancel Defendant's lease (through the Agreement) of the Spectrum License. *Id*. ¶¶ 19-20. Defendant pleads that Plaintiff did so without complying with the termination provisions in the Agreement, and that the representations to the FCC regarding status of the Agreement was a "deliberate misrepresentation of facts." *Id*. ¶ 20. On March 27, 2019, Plaintiff emailed Defendant terminating the Agreement. *Id*. ¶ 21.

In an extremely brief response to Defendant's Motion, Plaintiff states that the counterclaims are barred by Fed. R. Civ. P. 13(a), citing one case, and that all of the facts alleged in support of the counterclaims were known to Defendant at the time Defendant answered the Complaint. ECF No. 20. Thus, Plaintiff argues that Defendant's counterclaims are compulsory, failure to plead these compulsory counterclaims at the time Defendant answered Plaintiff's Complaint bars these claims, and that Defendant's Motion must be denied. *Id*.

Defendant's Reply argues that the DSPO trumps Plaintiff's argument, *citing United States v. Sharlands Terrace LLC*, Case No. 2:04-CV-00292-LRH-VPC, 2006 WL 8442945 (D. Nev. Oct. 10, 2006), *aff'd by* 03:04-CV-0292-LRH (VPC), 2006 WL 8442944 (D. Nev. Dec. 5, 2006), and that, even if Fed. R. Civ. P. 13(a) applies and Defendant's claims are compulsory counterclaims, the Court

has discretion to grant Defendant's Motion (citing *SEIU, Local 1107 v. Sunrise Hospital and Medical Center*, Case No. 2:12-cv-00199-GMN-GWF, 2013 WL5324897, at *6 (D. Nev. Sept. 19, 2013).

## II.   DISCUSSION

As stated, Plaintiff argues only one reason to deny Defendant's Motion; that is, the claims are compulsory counterclaims and had to be asserted at the time Defendant answered the Complaint. Because these counterclaims were not asserted at the time Defendant answered Plaintiff's Complaint, Plaintiff says they are barred. Plaintiff cites Fed. R. Civ. P. 13(a) for this proposition.

Rule 13(a) "provides that any cause of action which a party has against his opponent and which arises out of the same transaction or occurrence as the opponent's claim must be pleaded as a counterclaim." *Mindspeed Technologies, Inc. v. Broadband Technology 2000 Ltd.*, Case No. SACV 17-00832-CJC(JDEx), 2018 WL 6430538, at *2 (C.D. Cal. June 14, 2018) (citation omitted). The purpose underlying Rule 13(a) "is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court." *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010). However, as explained in the Advisory Committee Notes to the 2009 Amendments to Rule 13, amendments to pleadings are governed by the "same standard" whether brought pursuant to Rule 13 or Rule 15, and such amendments "should be freely given when justice so requires." Rule 13 Advisory Committee Note to 2009 Amendment; *see also Imblum v. Code Corporation*, Case No. 3:16-cv-02110-CAB-(AGS), 2017 WL 3594569, at **1 and 3-5 (S.D. Cal. Aug. 21, 2017) (citation omitted) (discussing and applying standard to a compulsory counterclaim). This "same standard" Advisory Committee Note was made in conjunction with the elimination of Rule 13(f) which, before abrogation, provided that "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires the pleader may by leave of court set up the counterclaim by amendment." Rule 13(f) [Abrogated]. The "reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound[ed] different from the general amendment standard in Rule 15(a)(2), but

seem[ed] to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires …." Advisory Committed Notes to the 2009 Amendments to Rule 13.

One example of the "same governance" application is found in *Hellauer v. Nafco Holding Co. LLC*, Case No. CIV. A. 97-4423, 1998 WL 352585 (E.D. Pa. June 12, 1998). In *Hellauer*, the court identified good faith, undue delay, prejudice to the opposing party, and the merit of the proposed claims as factors to be considered when deciding whether an amendment including compulsory counterclaims should be permitted. *Id*. at \*\*4-5. In so doing, the court stated that "the argument for allowing the amendment" of compulsory counterclaims "is especially compelling." *Id*. at \*5 (citation omitted). The court found defendant did delay, but no prejudice would arise from allowing the counterclaim to proceed, and that "[h]aving … established that the proposed counterclaim is compulsory, to deny leave to amend would thereafter bar defendant from raising" the claims. *Id*. at \*6. This, the court stated, was an "especially compelling" reason to allow the amendment. *Id*. (citation omitted). The court concluded that, based on the foregoing, it would "grant leave to add the proposed counterclaim." *Id*. at \*7.

Like the decision in *Hellauer*, the Southern District of New York decision in *Sun Micro Medical Technologies Corp. v. Passport Health Communications, Inc.* states that "[i]f a defendant does not bring a compulsory counterclaim in its answer, it may be precluded from bringing such claims in a later proceeding, *but not necessarily the instant proceeding*." Case No. 06 Civ.2083(RWS), 2007 WL 2230082, at \*5 (S.D.N.Y. Aug. 2, 2007) (emphasis added) (citation omitted). The court went on to state: "Even if a defendant failed to include a counterclaim in its answer, it may move the court for leave to assert its counterclaim by amendment under Rule 13(f) … and such leave will be 'freely given,' absent a showing of undue prejudice, bad-faith, delay, or futility." *Id*. (citation omitted). Ultimately, the court concluded that Fed. R. Civ. P. 13(a) was inapplicable because the effect of Rule 13(a) is to preclude assertions of compulsory counterclaims in a subsequent case, not the same case, the plaintiff made no Fed. R. Civ. P. 12(b)(6) argument and, therefore, the counterclaims could proceed. *Id*. at \*6. *See also Travelers Cas. and Sur. Co of*

*America v. Claud E. Atkins Enterprises, Inc.*, Case No. 1:05-cv-00852-SMS, 2007 WL 4048780, at *1 (E.D. Ca. Nov. 15, 2007) (holding Rule 15(a) factors apply equally to Rule 13(f)), and at *4 (applying these standards to a compulsory counterclaim).

In the case at bar, there appears to be no dispute that Defendant moved to amend its answer to assert compulsory counterclaim and did so prior to the expiration of the original deadline for filing motions to amend pleadings. ECF Nos. 15, 18, 20, and 22. The Court agrees that Defendant's counterclaims are compulsory because they arise out of the same transactions and occurrences as Plaintiff's claims.[1] Nonetheless, based on the above, and the holding in *United States v. Sharlands Terrace, LLC*, *supra*, Defendant's motion is not untimely, and is subject to the limited constraints placed on motions for leave to amend under Rule 15(a). However, Plaintiff does not argue any Rule 15(a) factor bars Defendant's counterclaims. That is, Plaintiff does not contend that Defendant's motion was unreasonably delayed, that Defendant acted in bad faith, that Plaintiff will suffer prejudice or that the counterclaims are futile. *Id*. Rather, Plaintiff argues that Defendant's Motion should be denied solely because the compulsory counterclaims were not pleaded in response to Plaintiff's Complaint in violation of Rule 13(a). ECF No. 18.

The Court finds that Plaintiff's Rule 13(a) argument unpersuasive. Moreover, the Court notes that, even though not argued, there is no evidence of bad faith and, while the motion to amend came after Defendant filed its responsive pleading, the filing occurred before the expiration of the deadline to amend pleadings as set forth in the parties' DPSO and long before the extended deadline for such pleadings as agreed to in the parties' stipulation to extend discovery deadlines (ECF Nos. 26 and 27). Thus, even though Defendant knew of the facts and theories raised by the proposed amendment prior to when Defendant moved to amend, the delay was not unreasonable.

Further, even if Defendant's motion was delayed, delay alone is generally insufficient justification for denying a motion to amend. The Court must also find prejudice to the opposing

---

[1] A claim arises out of the same transaction or occurrence if the issues of fact and law are largely the same for both the claim and counterclaim, the same evidence will support or refute both claims, res judicata would bar a subsequent suit on the defendant's claim, or there is a logical relationship between the claim and counterclaim. *FDIC v. Hulsey,* 22 F.3d 1472, 1487 (10th Cir.1994). The Court must determine if the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th Cir.1987).

party, bad faith of the moving party or futility of amendment. *Fresno Unified School District v. K.U. ex rel. A.D.U.,* 980 F.Supp.2d 1160 (E.D.Cal.2013), *citing Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999). Discovery in this case does not close until August 13, 2020 (ECF No. 27) and the parties indicate insubstantial discovery has been done to date. ECF No. 26. No trial date has been set and the dispositive motion deadline is not until mid-December 2020. Thus, there is no evidence that Plaintiff will be prejudiced by the assertion of counterclaims. Further, in the absence of any futility argument by Plaintiff, the Court finds this factor does not bar Defendant's compulsory counterclaims.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that ECF No. 18 is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall separate ECF No. 18-1 from ECF No. 18 and file the same. Plaintiff shall have ten (10) days from the date of the filing of Defendant's Amended Answer Adding Counterclaims to file a responsive pleading to the same.

DATED: April 27, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE