# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS K. KURIAN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-01757-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| SNAPS HOLDING COMPANY, ) | |
| ) | |
| Defendant, ) | |
| SNAPS HOLDING COMPANY, ) | |
| ) | |
| Counterclaimant, ) | |
| vs. ) | |
| ) | |
| THOMAS K. KURIAN, ) | |
| ) | |
| Counter-defendant. ) | |

Pending before the Court is Plaintiff Thomas Kurian's ("Plaintiff's") Joint Motion for Clarification, (ECF No. 58). This case arises out of an alleged breach of contract between Plaintiff and Defendant SNAPS Holding Company, ("Defendant"), in which Plaintiff leased its wireless radio frequency license, WQCP809, (the "License") to Defendant in exchange for a monthly payment of $20,390.00. (Compl. ¶ 5, Ex. A to Pet. Removal, ECF No. 1-1).

On September 27, 2021, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment, (ECF No. 38), and Defendant's Motion for Partial Summary Judgment, (ECF No. 43). (*See* Order Granting in Part and Denying in Part (the "Order"), ECF No. 55). One month later, the parties filed the Joint Motion for Clarification concerning the Court's prior ruling. (*See* Joint Mot. Clarification, ECF No. 58).

//

The parties seek clarification as to the following issues:

1. Does the Court's Order (ECF No. 55) resolve the issues of liability in favor of Kurian, leaving the only issue of damages of Kurian to be decided?

2. Because the Court's Order (ECF No. 55) does not address Counts II through VII of SNAPS' Counterclaims, are these causes of action to be resolved at trial?

(Joint Mot. Clarification at 3). The Court answers the questions together in the below discussion.

Defendant, in its Motion for Partial Summary Judgment, only sought judgment as to its first claim: breach of contract. (*See* Mot. Partial Summary Judgment, ECF No. 43). Accordingly, the Court's Order, (ECF No. 55), only addressed one of Defendants' seven counterclaims. (*See* Order 16:8–17:2). In its Counterclaim, Defendant alleges a number of legal claims that were not raised at summary judgment, including: Claim 2: Unjust Enrichment; Counterclaim 3: Fraudulent Misrepresentation Claim 4: Negligent Misrepresentation; Claim 5: Fraudulent Inducement; Counterclaim 6: Breach of Covenant of Good Faith and Fair Dealing; and Claim 7: Tortious Interference with Prospective Economic Advantage. (*See* Am. Counterclaim ¶¶ 34–70, ECF No. 30).

Plaintiff's Complaint includes two of these counterclaims: fraudulent misrepresentation and breach of covenant of good faith and fair dealing. (*See* Compl. ¶¶ 10–14, 19–23). Plaintiff, however, did not seek summary judgment for Defendant's remaining counterclaims in his Motion for Summary Judgment since he sought summary judgment for the claims he raised in the Complaint.[1] (See Pl.'s Mot. Summ. J. at 6–10, ECF No. 38). Accordingly, the Court

---

[1] The Court notes that some confusion may have arisen because Plaintiff's Motion for Summary Judgment, (ECF No. 38), did not explicitly label which claims Plaintiff sought summary judgment. Plaintiff, in its Motion for Summary Judgment, listed the claims without stating the exact claim number. For example, on page 8, Plaintiff argued that summary judgment is proper because "Kurian relied upon the representations of SNAPS." (*See* Pl.'s Mot. Summ. J. at 8). Plaintiff did not explicitly state the cause of action. However, Plaintiff cited the elements for "fraudulent or intentional misrepresentation." (*Id*. 8:6–14). Thus, the Court construed it as an argument

previously granted summary judgment only as to Plaintiff's alleged claims. (Order 12:10–13) (emphasis added) (granting "summary judgment in favor of Defendant *as to Plaintiff's fraud/misrepresentation claim*").  There are, therefore, remaining causes of action from Defendant's Counterclaim, even after the Court's Order Granting in Part and Denying in Part Plaintiff's and Defendant's individual Motions for Summary Judgment.  Specifically, the following Counterclaims remain unresolved in the present case:

1. Counterclaim 2: Unjust Enrichment;
2. Counterclaim 3: Fraudulent Misrepresentation;
3. Counterclaim 4: Negligent Misrepresentation;
4. Counterclaim 5: Fraudulent Inducement;
5. Counterclaim 6: Breach of Covenant of Good Faith and Fair Dealing; and
6. Counterclaim 7: Tortious Interference with Prospective Economic Advantage.

(*See* Am. Counterclaim at 9–14, ECF No. 30).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Joint Motion for Clarification, (ECF No. 58), is **GRANTED**.  The parties are further ordered to file a Proposed Joint Pretrial Order by September 9, 2022.

**DATED** this  23  day of August, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

concerning fraud/misrepresentation, which was Plaintiff's second claim in its Complaint.  The other claims—breach of contract, breach of covenant of good faith and fair dealing, declaratory relief, and injunctive relief—track Plaintiff's claims raised in its Complaint. (*See* Compl., ECF No. 1); (*see also* Pl.'s Mot. Summ. J., ECF No. 38).