UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS K. KURIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SNAPS HOLDING COMPANY, a North Dakota domestic corporation,<br><br>Defendant. | Case No. 2:19-cv-01757-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Memorandum of Points and Authorities in Support of Attorneys' Fees Pursuant to the Court's Order of June 21, 2023 Awarding Attorneys' Fees to SNAPS Holding Company ("SNAPS"). ECF No. 106. The Court is also in receipt of separately filed Declarations by Brendan Tupa and Richard Campbell. ECF Nos. 107-08. The Court has considered SNAPS Memorandum and Plaintiff Thomas Kurian's Opposition to the same (ECF No. 109).

On June 21, 2023, the Court entered an order requiring Plaintiff, Mr. Kurian, "to pay the costs associated with the subpoena issued to PTC-220 and all communications in which counsel for SNAPS engaged in order to obtain that information, including meet-and-confer efforts, e-mail exchanges, letters, and phone calls." ECF No. 103 at 38. The Court's Order made clear that time spent on the motion for order to show cause was not to be included in the fees and costs sought. SNAPS ultimately submitted 49 pages of billing records. The Court reviewed every entry on every page. The Court notes that the billing records do not include the identity of each person who billed; nor the cumulative time spent by each biller making it more difficult for the Court to determine total time spent on various tasks. The Court finds the block billing, with no breakout for individual tasks, rendered it more challenging to determine how much time was spent by each lawyer on tasks the Court finds appropriately billed.

**I.    Discussion**.

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of

1

the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).  When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary.  *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).  When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court.  *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted).  This is a two step process.  The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate."  *Id*. (citations omitted).  The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar."  *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases."  *Van Gerwen,* 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

SNAPS billing records include time entries for four licensed attorneys, one summer associate, and one paralegal. Kevin Hoffman is a 38 year practitioner whose billing rate is $525 per hour. Brendan Tupa is a 19 year practitioner whose billing rate is $435 per hour. Brett Larson is a 15 year practitioner who was billed at $535 per hour—more than either Mr. Hoffman or Mr. Tupa. Jacob Elrich is a seven year practitioner billed at $365 per hour. Amelia Lizarraga was a summer associate billed at $200 per hour. Kathy Husfeldt is a paralegal and was billed at $240 per hour.

In 2019, the U.S. District Court for the District of Nevada stated:

> For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were $400 or less. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (Jones, J.) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *see also Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

*International Institute of Management v. Organization for Economic Cooperation and Development*, Case No. 2:18-cv-1748-JCM-GWF, 2019 WL 5578485, at *7 (D. Nev. Oct. 29, 2019). Thereafter, the Court rejected requested hourly rates of $650, $900, and $1,265. *Id*. *See also Owen v. Stokes et al.*, Case No. 2:18-cv-1581-GMN-DJA, 2020 WL 127552, at *4 (D. Nev. Jan. 10, 2020) (finding a rate of $645 hourly rate for a senior partner with 47 years of experience, and a rate of $329 for an associate with nine years experience unreasonable).

Taking into consideration that it is now the end of 2023, the Court finds Messrs. Hoffman and Tupa's billing rates are reasonable for the Las Vegas community. The Court further finds Mr. Elrich's rate appropriate given his seven years of practice. In contrast, Mr. Larson's rate is not supported. His rate should not exceed the rate of more experienced counsel. Mr. Larson's rate is reduced to $400 per hour. The Court reduces Ms. Husfeldt's rate to $125 per hour. *See Lall v. Corner Investment Company*, Case No. 2:20-cv-1287-CDS-NJK, 2023 WL 6197334, at *8 (D. Nev. Sept. 21, 2023) (allowing an hourly rate of $125 for paralegal work).

With respect to the hours billed the Court, as stated, did an entry by entry review. The Court reduced the time entries based on vagueness (the Court was not able to discern what the activity was and therefore could not determine if the time spent was compensable), duplication of efforts (sometimes as many as three people billing to review the same documents), numerous internal communications, block billing that included matters for which attorneys' fees were not awarded, and excessive hours (for example, time spent to draft a deficiency letter). The Court awards no fees for time spent by the summer associate who is not licensed to practice law. The Court also awarded no fees for time spent by Mr. Hoffman as this reflected duplication and inefficiencies. The Court allows one hour of time spent by Mr. Larson and 7.8 hours spent by Ms. Husfeldt. After all the deductions discussed above, the Court found 30.2 hours of Mr. Erlich's time and 55.4 hours of Mr. Tupa's time to be compensable. The total time allowed equates to $400.00 + $975 + $11,023 + $24,099 = $36,497.00.

## II.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff Thomas K. Kurian is to pay to Defendant SNAPS Holding Company the total amount of $36,497.00 in attorneys' fees associated with the subpoena issued to PTC-220 and all communications in which counsel for SNAPS engaged in order to obtain that information, including meet-and-confer efforts, e-mail exchanges, letters, and phone calls.

IT IS FURTHER ORDERED that this payment **must** be made no later than thirty (30) days after the date of this Order.

DATED this 24th day of October, 2023

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE