1  E. BRENT BRYSON, LTD.
   E. BRENT BRYSON, ESQ.
2  Nevada Bar No. 004933
   375 E. Warm Springs Road, Ste. 104
3  Las Vegas, Nevada 89119
   (702) 364-1234 Telephone
4  (702) 364-1442 Facsimile
   Ebbesqltd@yahoo.com
5
6  *Attorney for Plaintiff/Counterdefendant,*
   *Thomas K. Kurian*
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10  THOMAS K. KURIAN, individually,          Case No.: 2:19-cv-01757-GMN-EJY

11              Plaintiff/Counterdefendant,

12      vs.

13  SNAPS  HOLDING  COMPANY,  a  North        **AMENDED JOINT PRETRIAL**
14  Dakota  Domestic Corporation,
                                                      **ORDER**
15              Defendants/Counterclaimant.

16

17         COMES   NOW   Plaintiff/Counterdefendant,  THOMAS  K.  KURIAN  (hereinafter

18  "KURIAN"), by and through his counsel, E. Brent Bryson, Esq. of the law offices of E. Brent

19  Bryson,  Ltd.,  and  Defendant/Counterclaimant  SNAPS  HOLDING  COMPANY  (hereinafter

20  "SNAPS"), by and through its counsel, Richard G. Campbell, Jr., Esq., of the law offices of

21  Kaemper Crowell, and John R. Neve, Esq. of the law offices of Quantum Lex, PA, Minnesota

22  Bar No. 278300 (Motion *Pro Hac Vice* to be filed), and pursuant to Local Rule 16-4 and this

23  Court's Order (ECF No. 127), and submits their revised Joint Pretrial Order as follows:

24

25         After pretrial proceedings in this case,

26  ///

27  ///

28

IT IS SO ORDERED:

## I.      THIS IS AN ACTION FOR:

### A.      PLAINTIFF'S ALLEGATIONS:

On May 19, 2014, Plaintiff/Counterdefendant KURIAN ("Kurian") and Defendant/Counterclaimant SNAPS HOLDING COMPANY ("SNAPS") executed a Spectrum Manager Lease Agreement wherein SNAPS leased from KURIAN the right to use certain frequencies contained within call sign WQCP809 (809) issued to Kurian from the FCC. As part of the duties of the lessee, SNAPS was to build out the portion of the frequencies leased to SNAPS and use only equipment approved by the FCC but SNAPS failed to do so.  SNAPS additionally failed to pay KURIAN as agreed pursuant to the parties' lease.

Plaintiff ("Kurian") filed his complaint in the Eighth Judicial District Court advancing causes of action sounding in contract law. Defendant (SNAPS) removed the matter pursuant to Diversity Jurisdiction to Federal Court. All of Kurian's causes of action are based on Nevada State law. After removing the matter to Federal Court, SNAPS filed its answer and counterclaim.

Plaintiff, therefore, alleged Breach of Contract, Fraud/Misrepresentation, Interference with Prospective Economic Gain, Breach of the Covenant of Goof Faith and Fair Dealing – Contractual, Declaratory Relief, and Injunctive Relief.

This Court granted summary judgment on Plaintiff's causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.  Additionally, the Court granted partial summary judgment on Plaintiff's first cause of action for declaratory relief finding that there is a valid contract between the parties.  See ECF No. 55.

The Court in its Order (ECF No. 59) left counterclaims for Unjust Enrichment, Fraudulent Misrepresentation, Negligent Misrepresentation, Fraudulent Inducement, Breach of the Covenant of Good Faith and Fair Dealing and Tortious Interference with Prospective

Economic Advantage unresolved.

B.  DEFENDANT'S CONTENTIONS:

Objection: Plaintiff Kurian objects to Defendant's contentions to the extent Defendants are attempting to relitigate this Court's prior ruling in favor of Plaintiff on summary judgment.

Defendant's Response to Plaintiff's Objection: It is well-settled that district courts have the authority to reconsider and revise interlocutory orders, such as orders granting motions for partial summary judgment. *Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 465 (9th Cir.1989); Fed. R. Civ. P. 54(b).

In May 2014, SNAPS leased the "wireless radio frequency license, WQCP809," which consists of the 217.5-218 MHz and 219.5-220 MHz frequencies, from Kurian "in exchange for a monthly payment of $20,390.00." *See* ECF 55, Order on Summary Judgment Motions at 2. In March 2019, Kurian terminated SNAPS' lease and, in June 2019, he sued SNAPS for the amounts remaining due under the Lease.

In May 2019, just two months after he terminated SNAPS' lease, Kurian sold the 219.5-220 MHz frequencies to PTC-220, LLC, a conglomeration of the seven largest railroads in the United States. Kurian sold the frequencies for an amount that entirely mitigates his damages. Further, despite informing PTC-220, LLC in October 2018 that he would terminate SNAPS' lease to facilitate the sale, Kurian continued to collect rent from SNAPS until March 2019. Kurian breached the clause of "exclusive" rights of SNAPS in the Lease Agreement signed with SNAPS. In addition, Kurian breached the clause of offering "cure period" for the delay in payment from SNAPS and disregarded the clause in the Lease Agreement to offer SNAPS an opportunity to buy the spectrum before he terminated the agreement. Kurian's actions breached

the covenant of good faith and fair dealing.

Since SNAPS discovered that Kurian mitigated his damages by selling the 219.5-220 MHz frequencies to PTC-220, LLC, Kurian has offered testimony that conflicts with his prior positions in this matter, and with the Court's summary judgment order. For example, at Kurian's November 10, 2023 deposition, he testified that SNAPS leased no frequencies and no channels:

> Q.· · And that lease agreement says -- it's your understanding that that lease agreement SNAPS cannot use any frequencies or any channels?
>
> A.· · Exhibit A neither have 217 or 219.· If Exhibit A have the 217 or 219, they can use.
>
> Q.· · So if Exhibit A had 219.5 to 220, SNAPS could use those frequencies?
>
> A.· · Yes.
>
> Q.· · And if Exhibit A had 217.5 to 218, SNAPS could use those frequencies?
> A.· · That's correct.
>
> Q.· · But because Exhibit A contains no frequencies, SNAPS cannot use any frequencies or channels?
>
> A.· · That's correct.· That's what exactly the party -- this is the parties' agreement.· I've read this.· It's limited in all respect -- limited in all respect by the parties' agreement.

This directly contradicts Kurian's position at summary judgment:

> First, Snaps received two things as consideration under the Agreement: (1) the *exclusive right to operate in the geographic locations and on the channels identified in Exhibit A to the contract*, and (2) the *option to purchase the frequencies*. Specifically, the Agreement provided Snaps, "the right to use certain frequencies of the Licenses in certain areas, as defined in Exhibit A." These leased frequencies are referred to in the Agreement as "Channels." Exhibit 1, p.1. *This lease provided Snaps "the right to use on an exclusive basis the Channels" specified on Exhibit "A." Id.* The Agreement also included an option contract, pursuant to which Snaps received the right to purchase Kurian's "right, title and interest to the Channels." Exhibit 1, paragraph 3."

It also directly contradicts this Court's holding on summary judgment that (1) "Plaintiff leased its wireless radio frequency license, WQCP809 to Defendant," (2) the parties' lease is supported by consideration because "Plaintiff agreed to lease its License to Defendant in exchange for a monthly payment of $20,390.00," and (3) mutual assent exists because "[u]nder the express terms of the Agreement, the parties agreed to Defendant providing substantial services to the leased geographical area, in addition to Defendant leasing Plaintiff's license." *See* ECF 55, Order on Summary Judgment Motions at 2, 7-8. Kurian cannot escape his mitigation of damages by changing his testimony when confronted with evidence of the sale to PTC-220, LLC. SNAPS leased the 219.5-220 MHz frequencies, and Kurian mitigated his damages by selling those frequencies to PTC-220, LLC shortly after he terminated SNAPS' lease.

C.    PROCEDURAL HISTORY:

1.    On June 27, 2019, the Plaintiff and Counterdefendant THOMAS K. KURIAN (hereinafter "Plaintiff") filed his State Court Claim.

2.    On September 19, 2019, Defendant and Counterclaimant SNAPS HOLDING COMPANY (hereinafter "Defendant") was served a Summons and Complaint on September 19, 2019.

3.    On October 9, 2019, Defendant filed its Notice of Removal to United States District Court [ECF No. 1] and its Certificate of Interested Parties [ECF No. 2],

4.    On October 9, 2019, the Court issued its Minute Order in Chambers for case removal [ECF No. 3] and the Court's Standing Order [ECF No. 4] that the case was assigned to the Honorable Judge Gloria M. Navarro.

5.    On October 15, 2019, Defendant answered Plaintiff's Complaint [ECF No. 5].

6.    On October 23, 2019, Plaintiff filed a limited response in Opposition [ECF No. 6] to Defendant's Petition for Removal [ECF No. 1].

7.      On October 24, 2019, Defendant filed a Certificate of Service [ECF No. 7] of the Court's Minute Order in Chambers [ECF No. 3] to Plaintiff's counsel, E. Brent Bryson, Esq.

8.      On October 24, 2019, Defendant filed its Removal Statement [ECF No. 8].

9.      On October 30, 2019, Defendant filed its Response [ECF No. 9] to Plaintiff's limited opposition [ECF No. 6] to Defendant's Petition for Removal [ECF No 1].

10.     On November 8, 2019, the parties filed their Joint Status Report [ECF No. 10].

11.     On November 8, 2019, Rory C. Mattson, Esq., of the law firm of Messerli Kramer, filed his Motion for Permission to Practice Pro Hac Vice - Verified Petition [ECF No. 11].

12.     On November 13, 2019, the Court filed its Minute Order in Chambers [ECF No. 12] and Notice of Corrected Image [ECF No. 13] regarding Defendant's counsel's Motion for Permission to Practice Pro Hac Vice - Verified Petition [ECF No. 11].

13.     On November 25, 2019, the partiers filed a proposed discovery plan and scheduling order [ECF No. 14].

14.     On November 26, 2019, the Court filed its Scheduling Order [ECF No. 15] that granted the parties proposed plan [ECF No 14].

15.     On November 26, 2019, the Court filed its Order [ECF No. 16] granting Defendant's counsel's Verified Petition to practice pro hac vice [ECF No. 11].

16.     On January 7, 2020, Plaintiff filed a Motion for Leave to Amend Complaint to Add Parties [ECF No. 17].

17.     On January 13, 2020, Defendant filed a Motion for Leave to Amend Answer to Complaint and Add Counterclaims [ECF No. 18].

18.     On January 21, 2020, Defendant filed a Response [ECF No. 19] to Plaintiff's Motion to Amend Complaint and Add Parties [ECF No. 18].

19.     On January 27, 2020, Plaintiff filed an Opposition [ECF No. 20] to Defendant's Motion for Leave to Amend Answer to Add Counterclaims [ECF No. 18].

20.     On January 28, 2020, Plaintiff filed a Reply [ECF No. 21] to Defendant's Response [ECF No. 19] to Plaintiff's Motion to Amend Complaint [ECF No. 17].

21.     On February 3, 2020, Defendant filed a Reply [ECF No 22] in Support of Defendant's Motion to Amend Answer and Add Counterclaims [ECF No 18].

22.     On February 12, 2020, the parties filed a Joint Interim Status Report [ECF No. 23].

23.     On February 12, 2020, the parties filed a Stipulation for Confidentiality Agreement and for Protective Order [ECF No. 24].

24.     On February 13, 2020, the Court filed an Order [ECF No. 25] granting the parties' Stipulation for Confidentiality Agreement / Protective Order [ECF No. 24].

25.     On March 20, 2020, the parties filed a stipulation [ECF No. 26] to amend the scheduling order to extend the discovery cut-off date which the Court DENIED as presented on March 23, 2020 [ECF No. 27].

26.     On April 21, 2020, the Court entered its Order [ECF No. 28] denying without prejudice Plaintiff's motion for leave to amend Complaint to add parties [ECF No. 17].

27.     On April 27, 2020, the Court entered its Order [ECF No. 29] granting Plaintiff's motion for leave to amend Answer and add counterclaims [ECF No. 18].

28.     On April 27, 2020, Defendant filed its Amended Answer and Counterclaim [ECF No. 30] regarding Petition for Removal [ECF No. 1].

29.     On May 1, 2020, Plaintiff filed his renewed Motion for Leave to Amend Complaint to add parties [ECF No. 31].

30.     On May 6, 2020, Plaintiff filed his Answer [ECF No. 32] to

Defendant/Counterclaimant's Answer with counterclaims [ECF No. 30].

31.     On May 15, 2020, Defendant filed its Response [ECF No.33] to Plaintiff's renewed Motion to Amend Complaint to add parties [ECF No. 31].

32.     On May 22, 2020, Plaintiff filed his Reply [ECF No. 35] to Defendant's Response [ECF No. 33] in support of Plaintiff's motion for to amend complaint to add parties [ECF No. 31].

33.     On August 20, 2020, the Court filed its Report and Recommendation [ECF No. 36] denying without prejudice Plaintiff's renewed motion to amend complaint to add parties [ECF No. 31].

34.     On September 24, 2020, the Court filed its Order [ECF No. 37] adopting in full the Report and Recommendation [ECF No. 36] and denied without prejudice Plaintiff's Renewed Motion for leave to amend complaint to add parties [ECF No. 31].

35.     On October 27, 2020, Plaintiff filed his Motion for Summary Judgment [ECF No. 38].

36.     On November 17, 2020, Defendant filed its Response [ECF No. 40] to Plaintiff/Counterdefendant's motion for summary judgment [ECF No. 38].

37.     On December 14, 2020, Defendant filed its Motion for Partial Summary Judgment [ECF No. 43].

38.     On December 23, 2020, Plaintiff filed his Response [ECF No. 45] opposing Defendant/Counterclaimant's motion for partial summary judgment [ECF No. 43].

39.     On January 6, 2021, Defendant filed its Reply [ECF No. 46] in support of its motion for partial summary judgment [ECF No. 43].

40.     On April 5, 2021, the Court filed its Minute Order [ECF No. 48] that, pursuant to LR 16-5, this case was referred to Magistrate Judge Elayna J. Youchah for a settlement

conference.

41.     On April 6, 2021, the Court filed its Order [ECF No. 49] setting a settlement conference for June 15, 2021.

42.     On June 15, 2021 the Court filed its Minutes of Settlement Conference Proceedings [ECF No. 50] continuing settlement discussions for approximately 60 days and set a telephonic status conference for Monday, August 16, 2021 at 11:00 AM.

43.     On August 4, 2021, the parties filed their Stipulation and proposed order [ECF No. 51] requesting the settlement conference set for June 15, 2021 be vacated and reset.

44.     On August 5, 2021, the Court filed its Order [ECF No 52] granting the parties' stipulation to vacate the August 16, 2021 telephonic status conference and reset it to September 27, 2021.

45.     On August 26, 2021, the Court filed its Minute Order [ECF No. 53] that vacated the Telephonic Status Conference set for September 29, 2021 at 4:00 PM and reset it for October 1, 2021 at 9:30 AM.

46.     On September 10, 2021, the Court filed its Minute Order [ECF No. 54] that vacated the Telephonic Status Conference set for September 29, 2021 at 4:00 PM and reset it for October 1, 2021 at 9:30 AM.

47.     On September 27, 2021, the Court filed its Order [ECF No. 55] that granted/denied in part Plaintiff's motion for summary judgment [ECF No. 38] and that granted/denied in part Defendant's motion for summary judgment [ECF No. 43].

48.     On October 1, 2021, the Court filed its Minutes of Proceedings [ECF No. 56] regarding the Telephonic Status Conference held on 10/1/2021 and ordered that on or before October 22, 2021, the parties are to submit either a discovery plan/scheduling order on agreed upon discovery going forward, or a notice to the Court that no agreement can be reached

as discussed in open court and the transcript of these proceedings will serve as the Court's Order.

49.     On October 14, 2021 the parties filed their Joint Notice of Compliance [ECF No. 57] stating that counsel for the parties met and conferred and determined that a motion for clarification of the Court's Order [ECF No. 55] regarding summary judgment.

50.     On October 28, 2021, the parties filed their Joint Motion for Clarification [ECF No. 58] regarding the Court's Order [ECF No. 55] on the parties' motions for summary judgment [ECF Nos. 38 and 43].

51.     On August 23, 2021, the Court filed its Order [ECF No. 59] Granting the parties' joint motion for clarification [ECF No. 58].

52.     On September 9, 2021, the parties filed their first Stipulation/Proposed Order [ECF No. 60] to extend the deadline to file the proposed joint pretrial order.

53.     On September 9, 2021, the Court filed its Order [ECF No. 61] granting the parties' stipulation [ECF No. 60].

54.     On October 13, 2021, Defendant's counsel, Brendan R. Tupa of Messerli & Kramer, P.A., Minneapolis, MN, filed a Verified Petition for Permission to Practice Pro Hac Vice in this case only [ECF No.62].

55.     On October 13, 2022, Defendant filed its Notice of Withdrawal and Substitution of Counsel [ECF No. 63].

56.     On October 13, 2022, the Court filed its Order [ECF No. 64] Granting [ECF No. 62] Verified Petition for Permission to Practice Pro Hac Vice.

57.     On October 14, 2022, the Court filed its Minute Order [ECF No. 65] Granting [ECF No. 63] Notice of Withdrawal and Substitution of Counsel.

58.     On November 9, 2022, the Court filed its Order [ECF No. 67] Granting [ECF No. 66] Stipulation for Extension of Time.

59.     On November 10, 2022, the Court filed its Minute Order [ECF No. 68] requiring the parties to file a Status Report confirming whether any discovery remains at issue and if a settlement conference before joint pretrial order is due would be futile.

60.     On November 23, 2022, the parties files their joint Status Report [ECF No. 69].

61.     On November 28, 2022, the Court filed its Minute Order [ECF No. 70] regarding Status Report [ECF No. 69] setting a Zoom Discovery hearing for December 13, 2022.

62.     On December 13, 2022, the Court filed Minutes [ECF No. 71] of the December 13, 2022 Proceedings and set an in-person Settlement Conference for April 25, 2023 with confidential settlement briefs due by April 18, 2023.

63.     On January 4, 2023, the Court filed the Transcript [ECF No. 73] of redacted proceedings on December 13, 2022.

64.     On February 22, 2023, Defendant filed its Motion for Order to Show Cause [ECF No. 74], Declaration in support of Motion for Order to Show Cause [ECF No. 75], and an Affidavit of Service of Exhibits [ECF No. 77] to Motion for Order to Show Cause [ECF No. 74].

65.     On March 8, 2023, Defendant filed a Motion to Extend Time to file the Joint Pretrial Order [ECF No. 78].

66.     On March 8, 2023, Plaintiff filed his Response in Opposition [ECF No. 79] to Defendant's Motion for Order to Show Cause [ECF No. 74].

67.     On March 8, 2023, the Court filed its Minute Order in Chambers [ECF No. 83] striking ECF Nos. 80 and 81, as Plaintiff must file a single Response to Defendant's Motion for Order to Show Cause [ECF No. 74].

68.     On March 9, 2023, the Court filed its Minute Order in Chambers [ECF No. 85] vacating its previous Minute Order in Chambers [ECF No. 83], as Plaintiff's Response in Opposition to Defendant's Motion for Order to Show Cause is found at ECF No. 79.

69.     On March 9, 2023, Plaintiff filed his Response in Opposition [ECF No. 86] to Defendant's Motion to Order to Show Cause [ECF No. 74], the Declaration of Plaintiff [ECF No. 86-1] and the Declaration of Plaintiff's Counsel [ECF No 86-2].

70.     On March 9, 2023, the Court filed its Minute Order in Chambers [ECF No. 87] striking ECF No 82, Plaintiff's Proposed Pretrial Order, and Granting ECF No. 78, Defendant's Motion to Extend Time to file the Joint Pretrial Order to May 25, 2023.

71.     On March 16, 2023, Defendant filed its Reply [ECF No. 88] in Support of its Motion for Order to Show Cause [ECF No. 74].

72.     On March 16, 2023, Defendant filed its Supplemental Declaration [ECF No. 89] and Exhibit [ECF No 89-1] in Support of its Reply [ECF No. 88] supporting its Motion for Order to Show Cause [ECF No 74].

73.     On April 18, 2023, the parties filed a Stipulation and Order [ECF No. 90] to vacate the in-person Settlement Conference set for April 25, 2023 [ECF No. 71].

74.     On April 18, 2023, the Court filed its Order [ECF No. 91] vacating the April 25, 2023 Settlement Conference and Continuing the Joint Pretrial due date.

75.     On April 21, 2023, Defendant filed its Motion for Leave [ECF No. 92] to Supplement its Reply Brief [ECF No. 88] in Support of Defendant's Motion for Order to Show Cause [ECF No. 74].

76.     On May 5, 2023, Plaintiff filed his Response [ECF Nos. 93 and 94] in Opposition to Defendant's Motion for Leave to Supplement Reply Brief [ECF No. 92] in Support of Defendant's Motion for Order to Show Cause [ECF No. 74].

77.     On May 10, 2023, Defendant filed its Reply [ECF No. 95] in Support of its Motion for Leave to Supplement Reply Brief [ECF No. 92] in Support of Defendant's Motion for Order to Show Cause [ECF No. 74].

78.     On May 10, 2023, Plaintiff filed his Motion to Strike [ECF No. 96] Plaintiff's Response in Opposition [ECF No. 93] to Defendant's Motion for Leave to Supplement Reply [ECF No. 92] in Support of Defendant's Motion for Order to Show Cause [ECF No. 74].

79.     On June 12, 2023, the Court filed its Minute Order in Chambers [ECF No. 97] setting a June 21, 2023, 10:00 a.m. Hearing on Defendant's Motion for an Order to Show Cause [ECF No. 74], Defendant's Motion for Leave to Supplement Reply Brief in Support of Motion for an Order to Show Cause [ECF No. 92], and Plaintiff's Notice of Withdrawal and Request to Strike ECF No. 93, Plaintiff's Response in Opposition to SNAPS' Motion for Leave to Supplement Reply [ECF No. 96].

80.     On June 20, 2023, the Court filed its Minute Order in Chambers [ECF No. 98] requiring Defendant file by June 20, 2023 documentary evidence of Plaintiff's Failure to Comply with the Court's Order [ECF No 73] and in support of Defendant's Motion for Leave to Supplement Reply Brief [ECF No. 92] in Support of Defendant's Motion for an Order to Show Cause [ECF No. 74].

81.     On June 20, 2023, Defendant filed Exhibits [ECF Nos. 99 and 100].

82.     On June 20, 2023, the Court filed its Minute Order in Chambers [ECF No. 101] Striking Defendant's ECF Nos. 99 and 100.

83.     On June 21, 2023, the Court filed its Order [ECF No. 102] Granting in part and Denying in part Defendant's Motion for Order to Show Cause [ECF No. 74].

84.      On June 26, 2023, Transcript of June 21, 2023 Hearing [ECF No. 104].

85.     On June 26, 2023, the Court filed its Order [ECF No. 105] temporarily releasing Transcript [ECF No 104].

86.     On July 5, 2023, Defendant filed its Memorandum [ECF No. 106] in Support of Attorneys' Fees pursuant to the Court's Order of June 21, 2023 [ECF No. 102] awarding

attorneys' fees to Defendant, and Defendant's Counsel's Declaration and Exhibit [ECF Nos. 107 and 108] in Support of Defendant's Memorandum [ECF No. 106].

87. On July 12, 2023, Plaintiff filed his Response in Opposition [ECF No. 109] to Defendant's Memorandum in Support of Attorney's Fees [ECF 102].

88. On August 14, 2023, Defendant filed an Unopposed Motion/Stipulation [ECF No. 110] to Extend Discovery Deadline and Deadline to File Joint Pretrial Order [First Request].

89. On August 14, 2023, the Court filed its Order [ECF No. 111] Granting ECF No. 110, Unopposed Motion/Stipulation to Extend Discovery Deadline and Deadline to File Joint Pretrial Order [First Request].

90. On October 19, 2023, Defendant filed an Unopposed Motion/Stipulation [ECF No. 112] to Extend Discovery Deadline and Deadline to File Joint Pretrial Order [Second Request to Extend Discovery Deadline; Fifth Request to Extend Deadline to File Joint Pretrial Order].

91. On October 19, 2023, The Court filed its Order [ECF No. 113] Granting the Unopposed Motion/Stipulation [ECF No. 112] to Extend Discovery Deadline and Deadline to File Joint Pretrial Order.

92. On October 24, 2023, the Court filed its Order [ECF No. 114] Granting Defendant's Attorney Fees related to its Subpoena to PTC-220.

93. On November 8, 2023, Counsel for Defendant filed Motions for Permission to Practice Pro Hac Vice via Verified Petition [ECF Nos. 115 and 116].

94. On November 8, 2023, the Court filed its Minute Order in Chambers [ECF No. 117] that deferred its ruling on Counsel for Defendant's Pro Hac Vice Motions [ECF No. 115 and 116], and Ordered that Petitioners shall have until November 29, 2023, to file corrected Verified Petitions using the "Notice of Corrected Image/Document" event.

95.     On November 8, 2023, Counsel for Defendant filed Notices of Corrected Image/Document [ECF Nos. 118 and 119] related to their Motions for Permission to Practice Pro Hac Vice via Verified Petition [ECF Nos. 115 and 116].

96.     On November 8, 2023, the Court filed its Orders [ECF Nos. 120 and 121] Granting Defendant's Counsels' verified Petitions to Practice Pro Hac Vice [ECF Nos. 115 and 116].

97.     On December 20, 2023, the parties filed their proposed Joint Pretrial Order [ECF No. 122].

98.     On January 4, 2024, the Court filed its Minute Order [ECF No. 123] setting a Status Conference to explain the deficiencies in the Proposed Joint Pretrial Order January 17, 2024, at 10:00 a.m.

99.     On January 9, 2024, Counsel for Defendant SNAPS, Messerli & Kramer and Kaemper Crowell, pursuant to LR 7-2 and LR IA 11-6(b), filed their motion to withdraw as attorneys of record [ECF No. 124] and Declaration in support thereof [ECF No. 125].

100.    On January 9, 2024, the Court filed its Minute Order [ECF No. 126] requiring Defendant's Counsels' Motion to Withdraw as Attorney [ECF No. 124] be heard at the Hearing currently set for January 17, 2024, at 10:00 a.m. [ECF No. 123], in addition to addressing the deficiencies in the Proposed Joint Pretrial Order.

101.    On January 17, 2024, the Court filed its Minute Order [ECF No. 127] rejecting the parties' proposed joint pretrial order [ECF No. 122] to be revised and refiled by February 16, 2024, and Granting ECF No. 124, Defendant's Counsels' motion to withdraw as attorneys of record.

102.    On January 22, 2024, Defendant's Counsel filed its Supplement [ECF No. 128] in support of their motion to withdraw [ECF No. 124].

103.   On February 6, 2024, the Court filed a copy of the Transcript [ECF No. 129] of the January 17, 2024 Proceedings regarding the Court's Order [ECF No. 127] rejecting the parties' proposed Joint Pretrial Order [ECF No. 122], Order on Motion to Withdraw as Attorney [ECF No. 124], and Status Conference held on 1/17/2024 [ECF No. 123].

104.   On February 7, 2024, Defendant's new counsel, John R. Neve, Esq. of the law offices of Quantum Lex, PA, Minnesota Bar No. 278300 (Motion *Pro Hac Vice* to be filed), filed a Notice of Appearance [ECF No. 130] on behalf of the Defendant.

## II.   STATEMENT OF JURISDICTION

Jurisdiction and Venue are proper in this court because the acts and omissions complained of herein occurred and caused harm to Plaintiff in the City of Las Vegas, Nevada, County of Clark.

## III.   THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF:

A.   The parties signed an agreement entitled Spectrum Manager Lease Agreement dated May 19, 2014.

## IV.   THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:

A.   That there was a valid contract between the parties;

B.   That the Defendants (Snaps) breached the valid contract;

C.   That the Defendants (Snaps) breached the implied covenant of good faith and fair dealing;

D.   That Kurian sold the 219.5-220 MHz frequencies to PTC-220, LLC;

## V.   THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL

A.      PLAINTIFF'S ISSUES OF FACT

1.      What are Plaintiff's damages when the court has determined there to be the existence of a valid, enforceable contract between the above-captioned parties, when Plaintiff performed his duties and obligations that arose under or were imposed upon Plaintiff by the terms of the contract, but when Defendant did not perform its duties and obligations that arose under or were imposed upon Defendant by the terms of the contract by repeatedly failing to timely pay, or not pay at all, its monthly payment to Plaintiff, a material failure of performance and breach of the terms of the contract resulting in damages to Plaintiff.

2.      What are Plaintiff's damages when the court has determined there to be the existence of a valid, enforceable contract between the above-captioned parties that imposes upon each party a duty of good faith and fair dealing in its performance and execution of the terms of contract, and when Defendant breached its duty of performance and execution of the terms of the contract by (1) failing to build out the leased channels; (2) failing to make timely payments to Plaintiff pursuant to the terms of the agreement; (3) failing to provide Plaintiff with oversights; (4) failing to allow Plaintiff to inspect Defendant's operations; (5) failing to construct and operate to provide coverage to two-thirds of the population; (6) failing to operate equipment pursuant to FCC authorization and approval; and by (7) failing to provide engineering studies as per FCC regulation; and thus acted in a manner unfaithful to the purpose, intent and spirit of the parties' valid and enforceable contract that resulted in Plaintiff's justified expectations under the contract being denied and required Plaintiff to rebuild the infrastructure himself to save his license from being revoked by the FCC but, moreover, resulted in damages to Plaintiff in the amount of $10,194,996.00.

B.     DEFENDANT'S ISSUES OF FACT

Objection: Plaintiff Kurian objects to Defendant's issues of fact to the extent Defendants are attempting to relitigate this Court's prior ruling in favor of Plaintiff on summary judgment.

Defendant's Response to Plaintiff's Objection: It is well-settled that district courts have the authority to reconsider and revise interlocutory orders, such as orders granting motions for partial summary judgment. *Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 465 (9th Cir.1989); Fed. R. Civ. P. 54(b).

1.     Can Kurian change the Court's holding on summary judgment that SNAPS leased the "wireless radio frequency license, WQCP809" from Kurian "in exchange for a monthly payment of $20,390.00" by later creating contradictory testimony? *See* ECF 55, Order on Summary Judgment Motions at 2.

2.     Did Kurian entirely mitigate his damages by selling the 219.5-220MHz frequencies to PTC-220, LLC after terminating SNAPS' lease?

3.     What are Defendant's damages for the Plaintiff's breach of the implied covenant of good faith and fair dealing?

## VI.    THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL

A.     PLAINTIFF'S ISSUES OF LAW:

1.     Is Defendant entitled to relief upon its counterclaims contained in Defendant's Amended Answer Adding Counterclaims, ECF No. 30?

2.      As the Court has determined there to be the existence of a valid and enforceable contract between the above-captioned parties, can Defendant maintain its second cause of action for unjust enrichment in Defendant's Amended Answer Adding Counterclaims, ECF No. 30.

B.      DEFENDANTS' ISSUES OF LAW:

1.      If the Court considers the evidence offered by Kurian after the Court's summary judgment order, what are the terms of the parties' contract?

## VII.   EXHIBITS

A.      The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1.      The parties' executed Spectrum Manager Lease Agreement dated May 19, 2014, Bates range KURIAN10387-KURIAN10408 [ECF No. 45-2].

B.      As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

1.      <u>Objection:</u> Plaintiff objects to any documents proffered by Defendants not previously provided prior to the discovery cutoff date.

2.      <u>Objection:</u> Defendant objects to any documents proffered by Plaintiff not previously provided prior to the discovery cutoff date.

**1.      <u>PLAINTIFF'S EXHIBITS:</u>**

<u>Bates Range:</u>

1.  MAP - Automated Maritime Telecommunications System Areas (AMTSA)          1

2.  Geographically Licensed Frequency for Purchase or Lease                    2

3.  NorthWestern Energy – Full Spectrum                                      3-4

4.  April 23, 2014 Email Chain Subject: 7:30 PM on Tuesday 3/25/14 --- RE: Regarding Frequency Spectrum in ND region                                        5-97

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.  2000 CENSUS                                                                          98-106

6.  Map                                                                                  107

7.  Unexecuted Spectrum Manager Lease Agreement and Exhibit A 2000 Census    108-127

8.  May 14, 2014 Email Chain Subject: Revised Agreement as per our discussions    128-286

9.  May 19, 2014 Email Chain Subject: Background                                287-298

10. May 19, 2014 Email Chain Subject: Frequency Lease                          299-303

11. Map – Yampa Valley                                                         304

12. May 22, 2014 Email Chain Subject: June Payment                            305-310

13. May 30, 2014 Email Chain Subject: State of Montana cancels licenses to
    700 MHz public-safety narrowband spectrum                                 311-325

14. June 2, 2014 Email Chain Subject: ACLARA --- RE: State of Montana
    cancels licenses to 700 MHz public-safety narrowband spectrum             326-328

15. FCC Form 602 – Federal Communications Commission –
    Information and Instructions                                              329-336

16. July 14, 2014 Keller and Heckman LLP July 18, 2014 Correspondence
    re: Application Requesting Modification of Lease ID L000010890 under
    station WQCP809                                                           337-340

17. FCC Form 608 Main Form - FCC Application or Notification for
    Spectrum Leasing Arrangement and Attachments                             341-403

18. FCC Form 602 Main Form and Schedule A – Federal Communications
    Commission Information and Instructions                                   404-411

19. July 25, 2014 Email Chain Subject: Public Interest Statement             412-545

20. August 8, 2014 Email Chain Subject: Payment                              546-561

21. August 17,2014 Email Subject: Amit Paterl                                562

22. Join Alcael-Lucent and Extenet Systems Conference on September 8, 2014    563-628

23. August 21, 2014 Email Chain Subject: Meeting at CCA                      629

24. August 22, 2014 Email Chain Subject: Business Plan for North Dakota       630

25. August 22, 2014 Email Chain Subject: Sample Bugatry Pricing for
12 Band 12 eNode B's Hosted off of WCW Core                                    631-634

26. Business Plan (short form)                                                      635

27. Acatel-Lucent Spectrum Holdings (FCC ULS 8/19/2014) ND & MN                    636

28. August 22, 2014 Proposal #TBD; Tom Navone                                      637

29. August 25, 2014 Email Chain Subject: My meeting with Thomas Kurian         638-809

30. August 25, 2014 Email Chain Subject: Review Sprint Partnership Potential PDF  810-843

31. September 24, 2014 Email Chain Subject: Lease Deposit                      844-855

32. September 24, 2014 Email Chain Subject: Need your advise                   856-857

33. Executed Signature Pages to License Purchase Agreement between
Thomas K. Kurian and T-Mobile License                                         858-859

34. September 29, 2014 Email Subject: Albert Kangas, General Manger
and COO of NewCore Wireless                                                        860

35. September 29, 2014 Email Subject: Dicky Rural and Seth Arndorfer,
CEO of Dakota Carrier Network.                                                     861

36. September 29, 2014 Email Chain Subject: Fwd: 700 Mhz LTE system            862-872

37. September 29, 2014 Email Chain Subject: Re: SRT Communications            873-876

38. September 30, 2014 Email Subject: fyi                                      877-879

39. September 30, 2014 Email Chain Subject: RE: Meeting in NJ??                880-866

40. October 1, 2014 Email Subject: Ihave been talking to you for
sometime about the Bakken you are not doing anything                               887

41. October 1, 2014 Email Chain Subject: RE: FYI                              888-906

42. October 1, 2014 Email Subject: You may want to read the
below FCC related proceedings                                                      907

43. October 2, 2014 Email Subject: AMTS Radio                                      908

44. October 2, 2014 Email Subject: Lease Payment                                   909

45. October 3, 2014 Email Subject: San Jose Visit                                  910

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46. FCC - ETSI Specifications Data Sheet                                                     911

47. October 8, 2014 Email Chain Subject: RE: BEC Technologies                    912-913

48. October 8, 2014 Email Chain Subject: RE: FW: The World of
    Connectivity and Control Hits Las Vegas                                              914-969

49. October 28, 2014 Email Chain Subject: Fwd: FW: 4 Country Inn & Suites
    Stafford Virtual Deal Room | Real Capital Markets                              970-990

50. November 5, 2014 Email Chain Subject: Re: 1031 Exchange              991-1184

51. November 10, 2014 Email Chain Subject: RE: Hotel Investments      1185-1188

52. November 16, 2014 Email Subject: Dakota Venture LLC                        1189

53. November 17, 2014 Email Chain Subject: RE: Promissory note      1190-1191

54. Operating Agreement of Dakota Ventures, LLC                              1192-1249

55. Dakota Ventures LLC - Minutes of Organizational Meeting          1250-1251

56. Minnesota Hospitality, Inc. - Promissory Note                              1252-1253

57. November 18, 2014 Email Chain Subject RE: Promissory Note      1254-1267

58. Promissory Note and Security Agreement                                       1268-1269

59. November 22, 2014 Email Chain Subject: RE: Dakota Ventures LLC   1270-1419

60. December 4, 2014 Email Chain Subject: RE: Monthly lease payment  1420-1421

61. December 27, 2014 Email Chain Subject: RE: Real Estate Investments  1422-1424

62. Investment Summary                                                                        1425-1432

63. January 7, 2015 Email Chain Subject: RE: Williniston Property       1433-1459

64. January 23, 2015 Email Chain Subject: RE: Tom Kurian                  1460-1464

65. March 6, 2015 Email Chain Subject: RE: Yampa Valley                    1465-1510

66. Transaction Activity 04/07/2015                                                          1511

67. April 8, 2015 Email Chain Subject: RE: ACH                                  1512-1524

68. Confirmation - Transaction Date 5/13/2015                                  1525-1527

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

69.  May 14, 2015 Email Chain Subject: RE: FW: Payment                      1528-1571

70.  June 8, 2015 Email Chain Subject: Re: Another empty promise            1572-1576

71.  July 7, 2015 Email Chain Subject: Payment for Lease                    1577-1578

72.  August 7, 2015 Email Subject: Wire                                     1579

73.  August 20, 2015 Email Chain Subject: Re: FCC Form 602                  1580-1606

74.  By The Numbers - Basin Electric Power Cooperative                      1607

75.  October 12, 2015 Email Chain Subject: RE: Wire for Oct Pmt             1608-1621

76.  October 26, 2015 Email Chain Subject: RE: Xetawave radio               1622-1623

77.  December 22, 2015 Email Chain Subject: RE: Construction of systems     1624-1629

78.  Public Interest Statement FCC Form 608                                 1630

79.  Section 20.9(b) Certification                                          1631

80.  February 3, 2016 Email Chain Subject: Re: W9                           1632-1891

81.  February 3, 2016 Email Chain Subject: Re: Lease Payment                1892-1902

82.  FCC Universal Licensing System                                         1903-1906

83.  February 9, 2016 Email Chain Subject: RE: Fwd: Fwd: SNAPS FCC Forms    1907-2412

84.  FCC Application or Notification for Spectrum Leasing Arrangement       2413-2882

85.  March 4, 2016 Email Chain Subject: RE: Lease Payment                   2883-2884

86.  March 28, 2016 Email Chain Subject: [Blank]                            2885

87.  May 11, 2016 Email Chain Subject: RE: KTS Agility Radio — RE:          2886-2888

88.  June 6, 2016 Email Chain Subject: Re: Fwd: Understanding FCC rules
     regarding the Lease...                                                 2889-3010

89.  FCC DA 16-1167 ORDER and Attachment                                    3011-3087

90.  Confirmation Transaction Date 8/11/2016                                3088

91.  June 29, 2016 Email Chain Subject: RE: Great River Project             3089-3090

92.  Tait Communications Quote                                              3091

93. July 20, 2016 Email Chain Subject: RE: FW: Tait MPT1327 & Mobile Radio  3092-3101

94. November 7, 2016 Email Chain Subject: RE: Action Plan to deploy a
    network to meet...                                                       3102-3437

95. November 11, 2016 Email Chain Subject: RE: Phone call                   3438-3445

96. FCC DA 10–664 Order on Reconsideration                                  3446-3449

97. January 1, 2017 Email Chain Subject: Re: FCC Construction Requirement    3450-3459

98. January 12, 2017 Email Chain Subject: RE: Payment                       3460-3469

99. January 18, 2017 Email Chain Subject: RE: Sites — RE: Payment            3470-3482

100. 2016 IRS FORM 1099-MISC Thomas K. Kurian                               3483-3484

101. 2017 IRS FORM W-9 Thomas K. Kurian                                          3485

102. February 1, 2017 Email Chain Subject: Re: W-9                          3486-3518

103. March 6, 2017 Email Chain Subject: RE: lease                          3519-3522

104. March 13, 2017 Email Chain Subject: RE: Payment                       3523-3524

105. April 21, 2017 Email Chain Subject: Re: Warren Havens vs. Kurian       3525-3526

106. May 4, 2017 Email Chain Subject: RE: An interesting reading           3527-3528

107. May 12, 2017 Email Subject: MCLM/Choctaw Holding got extension...      3529-3539

108. May 12, 2017 Email Chain Subject: RE: check                           3540-3541

109. FCC DA 17-450 ORDER                                                    3542-3551

110. June 7, 2017 Email Chain Subject: RE: Part 80 or 90?                   3552-3569

111. June 26, 2017 Email Chain Subject: RE: Reminder — RE: Part 80 or 90?   3570-3591

112. July 12, 2017 Email Chain Subject: RE: Payment                        3592-3593

113. September 14, 2017 Email Chain Subject: RE: Payment                    3594-3595

114. September 26, 2017 Email Chain Subject: RE: Returned check             3596-3624

115. October 17, 2017 Email Chain Subject: Re: Payment                      3625-3637

24

116. November 11, 2017 Email Chain Subject: RE: Checking on the
status of the check                                                          3638-3639

117. October 12, 2017 FILED Notice of Entry of Judgment Upon Jury Verdict     3640-3643

118. January 25, 2018 Email Chain Subject: Re: Lease payment                  3644-3652

119. February 16, 2018 Email Chain Subject: Re: Monthly Lease payment         3653-3658

120. March 12, 2018 Email Chain Subject: RE: NB-IoT                           3659-2660

121. March 13, 2018 Email Subject: Did you send the payment?                       3661

122. March 16, 2018 Email Chain Subject: RE: Payment not received still       3662-3674

123. April 18, 2018 Email Chain Subject: RE: status of check                  3675-3681

124. FCC 601 Main Form – FCC Application for Radio Service Authorization       3682-3712

125. May 10, 2018 Email Chain Subject: Fwd: FN 0008200765 §90.259
App. Re WQCP816, WQJW656, WQNZ336, WQOC595                                3713-3740

126. FCC 601 Main Form – FCC Application for Radio Service Authorization       3741-3762

127. May 11, 2018 Email Chain Subject: RE: Havens                             3763-3772

128. May 14, 2018 Email Chain Subject: RE: FCC filing and check              3773-3783

129. ComStudy Mammoth Mtn.rs2 Monday, May 14, 2018                           3784-3786

130. FCC Petition to Deny in the Matter of Polaris PNT PBC                    3787-3791

131. May 18, 2018 Email Chain Subject: Re: Fwd:
FN 0008200765 §90.259 App. Re WQCP809                                     3792-4051

132. May 22, 2018 Email Chain Subject: RE: $250 Million for PTC Projects      4052-4053

133. May 31, 2018 Email Subject: Re: Just checking into see if guys planning
to make a timely payment this month.                                          4054

134. July 17, 2018 Email Chain Subject: Re: Fwd: Payment                      4055-4098

135. May 31, 2018 Email Chain Subject: RE: PTC220                            4099-4113

136. September 28, 2018 Email Subject: MiMax                                       4114

137. May 31, 2018 Email Chain Subject: RE: Payment                           4115-4118

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

138.  March 27, 2019 Thomas K. Kurian Letter to Sanjay Patel                    4119-4120

139.  January 8, 2019 Thomas K. Kurian Communication to Sanjay, NetHertz              4121

140.  December 8, 2010 Letter to FCC                                          4122-4137

141.  January 8, 2019 Email Chain Subject: Re: Termination of certain
      AMTS license for the failure to provide substantial service              4138-4183

142.  January 8, 2019 Email Chain Subject: Fwd: Thomas K Kurian's
      03/26 Salt Lake City trip (VR2J7K): Your reservation is confirmed.        4184-4189

143.  March 23, 2019 Email Chain Subject: Fwd: Thomas K Kurian's
      03/30 Phoenix trip (VRPBWK): Your reservation is confirmed.               4190-4195

144.  March 23, 2019 Email Chain Subject: Fwd: Thomas K Kurian's
      04/03 El Paso trip (VSF2BU): Your reservation is confirmed.               4196-4202

145.  March 25, 2019 Email Chain Subject: Re: Please call me on phone ASAP     4203-4207

146.  March 27, 2019 Email Chain Subject: Re: Next Payment                     4208-4873

147.  FCC DA 18-322 – Notice of Apparent Liability for Forfeiture              4874-4882

148.  April 3, 2019 Email Chain Subject: Re: Asset Purchase of AMTS Spectrum
      in the 217.5-218 MHz band                                               4883-4896

149.  FCC Spectrum Leasing                                                    4897-4898

150.  Substantial Service                                                          4899

151.  Electronic Code of Federal Regulations                                  4900-4924

152.  FCC Order                                                               4925-4942

153.  October 22, 2020 Republic Services Las Vegas Payment History            4944-4953

154.  April 25, 2016 Crown Castle Letter to Vegas Wireless LLC                     4954

155.  First Amendment to Short Form Tower License Agreement                   4955-4962

156.  Mutual Nondisclosure Agreement                                         4971-4973

157.  June 21, 2018 Gmail Chain Subject: Idaho Power Spectrum Purchase        4974-4982

158.  Confidentiality Agreement                                              4983-4986

159.  WQCP 809 Allocation Chart                                                   4987

26

160. ECF NO. 45-2: EXHIBIT 1: Executed Spectrum Manager Lease Agreement

161. ECF NO. 45-3: EXHIBIT 2:  February 3, 2016 Email Chain Regarding: W9

163. ECF NO. 45-4: EXHIBIT 3:  December 22, 2015 Email Chain Regarding: Construction of Systems

164. ECF NO. 45-5: EXHIBIT 4:  November 7, 2016 Email Chain Regarding: Action Plan to Deploy a Network to Meet the FCC's Coverage Requirement

165. ECF NO. 45-6: EXHIBIT 5:  January 1, 2017 Email Chain Regarding: FCC Construction Requirement

166. ECF NO. 45-7: EXHIBIT 6:  June 6, 2016 Email Chain Subject: Understanding FCC Rules

167. ECF NO. 45-8: EXHIBIT 7:  March 27, 2019 Email Chain Subject: Next Payment

168. ECF NO. 45-9: EXHIBIT 8:  Register of Actions dated December 22, 2020 for Case No.: A-19-797577-C, Thomas K. Kurian vs. Snaps Holding Company

169. ECF NO. 45-10: EXHIBIT 9:  Deposition Excerpts of August 5, 2022 Deposition of Plaintiff Thomas Kurian - Pages 1, 138, 139, and 217.

170. Deposition Transcript from the November 10, 2023 deposition of Plaintiff Thomas Kurian.

171. Parties' executed Spectrum Manager Lease Agreement dated May 19, 2014, Bates range KURIAN10387-KURIAN10408 [ECF No. 45-2].

172. Parties' executed Asset Purchase Agreement dated October 21, 2013, Bates range KURIAN10445-KURIAN10461.

173. Plaintiff's Supplemental Interrogatory and Document Responses to SNAPS' Requests and Pursuant to ECF 102; including Bates range: KURIAN05040-KURIAN05043; KURIAN10443-KURIAN10461.

Plaintiff reserves the right to use any and all exhibits disclosed and/or admitted by Defendant in this matter.

Plaintiff reserves the right to use impeachment exhibits as permitted by applicable court law.

     a.     Defendant's objections to Plaintiff's Exhibits:

     1.     Defendant objects to any documents proffered by Plaintiff not previously provided prior to the discovery cutoff date.

**2.    DEFENDANTS' EXHIBITS:**

1. All exhibits identified by Plaintiff.

2. April 23, 2014 Email Chain Subject: 7:30 PM on Tuesday 3/25/14 --- RE: Regarding Frequency Spectrum in ND region, Bates KURIAN 05-97.

3. May 14, 2014 Email Chain Subject: Revised Agreement as per our discussions, Bates KURIAN 128-286.

5. March 6, 2015 Email Chain Subject: RE: Yampa Valley, Bates KURIAN 1465-1510.

5. February 3, 2016 Email Chain Subject: Re: W9, Bates KURIAN 1632-1891.

6. February 9, 2016 Email Chain Subject: RE: Fwd: Fwd: SNAPS FCC Forms Bates KURIAN 1907-2412.

7. Lease Spectrum Range Map, Bates KURIAN10464

8. Asset Purchase Agreement between Plaintiff and PTC-220, LLC for 219.5-220MHz frequencies in call sign WQCP809, dated, May 31, 2019, and related closing documents, Bates PTC-220_SNAPS_Subpoena_000001-036.

9. Email communications between Plaintiff and PTC-220, LLC, Bates PTC-220_SNAPS_Subpoena_003097-3102.

10. Email communications between Plaintiff and PTC-220, LLC, Bates PTC-220_SNAPS_Subpoena_003113-3115.

11. Email communications between Plaintiff and PTC-220, LLC, Bates PTC-220_SNAPS_Subpoena_003690-91.

12. Email communications between Plaintiff and PTC-220, LLC, Bates PTC-220_SNAPS_Subpoena_000173-178

13. Transcript from August 5, 2020 deposition of Plaintiff Thomas Kurian.

14. Transcript from November 10, 2023 deposition of Plaintiff Thomas Kurian.

15. Transcript from July 19, 2023 deposition of Kevin Stokes, representative for PTC-220, LLC.

Defendant reserves the right to use all exhibits disclosed and/or admitted by Plaintiff in this matter.

Defendant reserves the right to use impeachment and rebuttal exhibits as permitted by applicable court rules.

    a.    Plaintiff's objections to Defendant's Exhibits:

        1.    Plaintiff objects to the use of depositions by Defendant where the Defendant failed to provide the pages of any depositions Defendant plans to use. *See* ECF 15, Discovery Plan and Scheduling Order.

        2.    Plaintiff objects to any of Defendant's exhibits if the documents were not provided previously before the discovery cutoff date.

C.    Electronic Evidence:

The parties are likely to present electronic evidence for out of state witnesses who are now parties.

D.    Depositions:

    1.    Plaintiff will offer the following depositions:

        a.    Deposition excerpts of the August 5, 2022 deposition of Plaintiff Thomas Kurian, Pages 1, 81, 84, 85, 86, 101, 102, 103, 104, 138, 139; 192, and 217.

        b.    Deposition excerpts of the July 29, 2020 deposition of Sanjay Patel, Pages 1, 37, 39, 58, 59, 66, 70, 71, 72, 73, 74, 75, 79, 80, 81,

82, 92, 93, 104, 116, 117, 118.

    c.    Deposition excerpts of the July 19, 2023 deposition of PTC-220, LLC's 30(b)(6) witness Kevin Stokes, Pages 1, 11, 18, 21, 22, 23, 24, 25, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 48, 49, 50 , 51, 52, 55, 56, 57, 58, 59, 60, 61, 63, 67, 68, 71, 72, 73, 74, 75, 82, 83, 84, 85, 87, 87, 89, 148, 150, 151, 156, 157, 158, 159, 161.

    d.    Deposition excerpts of the July 30, 2020 deposition of Daivesh Sanghvi, Pages 1, 5, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 31, 32, 33, 34, 42, 43, 46, 47, 48, 49, 50, 51, 53, 56, 57, 58, 60, 61, 63, 64, 66, 67, 68, 69, 70, 73, 75, 76, 77, 78, 80, 81, 83, 85, 87.

    e.    Plaintiff reserves the right to use any and all deposition testimony for any lawful purpose.

    2.    Defendant will offer the following depositions:

    a.    July 19, 2023 deposition of Kevin Stokes, representative for PTC-220, LLC.  Based upon new counsel's recent retention, Defendant is unable to identify exact page numbers at this time.  Defendant states that Kevin Stokes is a key witness and believes the majority of his deposition testimony will be relevant.

    b.    Defendant reserves the right to use all deposition testimony for any lawful purpose.

E.    Objections to depositions:

    1.    Defendant objects to Plaintiff's depositions as follows:    None.

    2.    Plaintiff objects to Defendant's depositions as follows:

a. Plaintiff objects to the use of depositions by Defendant where Defendant has not identified page numbers of the depositions sought to be used. *See* ECF 15, except for purposes of impeachment.

## VIII. THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:

A. PLAINTIFF'S WITNESSES:

1. Thomas K. Kurian
   C/o E. Brent Bryson, Esq.
   375 E. Warm Springs Road, Ste. 104
   Las Vegas, Nevada 89119
   (702) 364-1234 Telephone
   (702) 364- 1442 Facsimile
   Ebbesqltd@yahoo.com

Plaintiff is expected to testify regarding the terms and provisions of the parties' contract, and how the contract came about, Defendants' breach of the contract, Plaintiff's efforts to mitigate his damages, Plaintiff's attempts to mitigate damages, and Plaintiff's attempts to informally resolve the dispute and Plaintiff's damages.

2. John C. Gazzo
   12950 Quebec Street
   Brighton, CO 80602
   (303) 949-1266 Telephone

Mr. Gazzo is expected to testify regarding the use of his transmitting site by SNAPS using unauthorized equipment which is not certified by the FCC as well as his conduct in violation of the parties' agreement.

3. Sanjay Patel
   President and CEO of SNAPS Holding Company

Mr. Patel is expected to testify regarding the parties' contract and SNAPS conduct in breaching the parties' agreement.

4. Daivesh Sanghvi
   Vice President of SNAPS Holding Company

Mr. Sanghvi is expected to testify regarding the construction and substantial coverage of the FCC Stations as well as his knowledge regarding the parties' contract.

5.      Thomas Klyve
        Controller for SNAPS Holding Company

Mr. Klyve is expected to testify regarding his knowledge about payments to Plaintiff pursuant to the parties' contract.

6.      Steve Lee
        Direct of IDA

Mr. Lee is expected to testify regarding the installation and operation of the licenses.

7.      PTC-220, LLC's 30(b)(6) witness regarding the contract between Thomas K. Kurian and PTC-220, LLC, as well as his knowledge regarding the instant action.

                1.      Defendant's Objections to Plaintiff's Witnesses:

                        Defendant objects to Plaintiff's witnesses to the extent those witnesses will testify to matters decided in the Court's summary judgment order, and to the parties' settlement discussions.

        B.      DEFENDANT'S WITNESSES

    1.  Sanjay Patel
        President and CEO of SNAPS Holding Company

Mr. Patel is expected to testify regarding the parties' lease, SNAPS' payments under the lease, and the parties' communications.

    2.  Daivesh Sanghvi
        Vice President of SNAPS Holding Company

Mr. Sanghvi is expected to testify regarding the parties' lease, SNAPS' payments under the lease, and the parties' communications.

    3.  Thomas K. Kurian

Mr. Kurian is expected to testify regarding the parties' lease, the parties' communications, and his contract with PTC-220, LLC for the 219.5-220MHz frequencies, and the money he received for the frequencies.

4.  Kevin Stokes, representative for PTC-220, LLC, by deposition.

Mr. Stokes is expected to testify regarding the Asset Purchase Agreement between PTC-220, LLC and Kurian for the 219.5-220 MHz frequencies and the compensation Kurian received for the frequencies.

1.  Plaintiff's Objections to Defendants' Witnesses:      None.

## IX. THE ATTORNEYS OR PARTIES HAVE MET AND JOINTLY OFFER THESE THREE TRIAL DATES

1.      September 3-6, 2024;

2.      September 16-20, 2024;

3.      September 23-27, 2024.

## X. TRIAL

It is estimated that trial will take a total of 3-5 days.

APPROVED AS TO FORM AND CONTENT:

| DATED this 16th day of February, 2024. | DATED this 16th day of February, 2024. |
|---|---|
| **E. BRENT BRYSON, LTD.** | **QUANTUM LEX, P.A.** |
| By: */s/ E. Brent Bryson, Esq.* <br> E. BRENT BRYSON, ESQ. <br> Nevada Bar No. 004933 <br> E. BRENT BRYSON, LTD. <br> 375 E. Warm Springs Road, Ste. 104 <br> Las Vegas, Nevada 89119 <br> (702) 364-1234 Telephone <br> (702) 364-1442 Facsimile <br> Ebbesqltd@yahoo.com <br> *Attorneys for Plaintiff/Counterdefendant,* <br> *Thomas K. Kurian* | By: */s/: John R. Neve, Esq.* <br> JOHN R. NEVE, ESQ. <br> Minnesota Bar No. 278300 <br> **Motion Pro Hac Vice To Be Filed** <br> QUANTUM LEX, PA <br> 6800 France Avenue South, Suite 405 <br> Minneapolis, MN 55435 <br> (952) 746-2400 Telephone <br> jneve@quantumlex.io <br> *Attorney for Defendant/Counterclaimant,* <br> *Snaps Holding Company* |

DATED this _____ day of December, 2023.

**KAEMPFER CROWELL**

By: */s/:*_____
RICHARD G. CAMPBELL, JR.
Nevada Bar No. 001832
50 W. Liberty Street, Suite 700
Reno, NV 89501
(775) 852-3900 Telephone
(775) 327-2011 Facsimile
Rcampbell@kcnvlaw.com
*Attorneys for Defendant/Counterclaimant,
SNAPS*

## XI.   ACTION BY COURT

This case is set for a ~~jury~~ bench trial on the ~~fixed~~/stacked calendar on  9/23/2024 at 8:30  a.m.

Calendar call will be held on __9/17/2024 at 9:00 a.m._____.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

_____
UNITED STATES DISTRICT COURT JUDGE