UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS K. KURIAN, an individual, | Case No. 2:19-cv-01757-GMN-EJY |
| Plaintiff/Counterdefendant, | |
| v. | **ORDER** |
| SNAPS HOLDING COMPANY, a North Dakota domestic corporation, | |
| Defendant/Counterclaimant. | |

Pending before the Court is Plaintiff/Counterdefendant Thomas Kurian's Emergency Motion to Vacate the Defendant/Counterclaimant's Trial Deposition of Expert Patrick Schmidt.[1]  ECF No. 151.  The Court has considered the Motion and Defendant/Counterclaimant's Response. ECF No. 154.

**I.   Background**

The gravamen of the issue presented is SNAPS Holding Company's failure to list Patrick Schmidt as a witness in the Amended Joint Pretrial Order filed with the Court on February 16, 2024.[2] ECF No. 131.  Under Local Rule 16-3(c) "no exhibit will be received and no witnesses will be permitted to testify at the trial unless listed in the pretrial order.  However, for good cause shown, the court may allow an exception to this provision."  Here, despite the lapse of approximately seven months since the parties filed their Amended JPTO in which SNAPS failed to list Mr. Schmidt as a witness, SNAPS sent Mr. Kurian a notice on September 6, 2024 setting Mr. Schmidt's deposition for September 13, 2024.  This is just ten days before the bench trial in this matter is set to begin.

SNAPS says taking the very belated deposition of Mr. Schmidt is harmless and substantially justified (citing to Federal Rule of Civil Procedure 37(c)(1)) because (1) SNAPS provided Mr. Schmidt's expert report to Mr. Kurian in February 2020, (2) SNAPS identified Mr. Schmit's report as the basis for calculating damages in its September 22, 2020 Rule 26(a)(1) supplemental

---

[1] Plaintiff/Counterdefendant Thomas Kurian is referenced herein as "Mr. Kurian."
[2] Defendant/Counterclaimant SNAPS Holding Company is defined herein as "SNAPS."  Reference to joint pretrial orders are abbreviated herein as "JPTO."

1

disclosure, (3) Mr. Kurian did not retain an expert to rebut Mr. Schmidt's expert opinions or seek to take his deposition rendering Mr. Kurian's instant objection a "procedural Hail Mary," (4) Mr. Kurian can rebut Mr. Schmidt's opinions even if he is not deposed, and (5) given this is a bench trial, the Court is well equipped to weigh relevance and the probative value of evidence. ECF No. 154 at 3-4. Separately, SNAPS argues the failure to include Mr. Schmidt as a witness in the February 2024 Amended JPTO was due to inadvertence caused by the short time frame between current counsel's retention and the due date for that Order. *Id*. at 5.

SNAPS does not explain why it did not discover the failure to name Mr. Schmidt in the Amended JPTO sometime before September 6, 2024 when the company had seven months in which to do so. That is, there is no information provided that attempts to illuminate why Mr. Schmidt's absence and apparent attempt to remedy the absence from the Amended JPTO by setting a very belated deposition did not occur until approximately two weeks before trial. There is nothing before the Court that substantially justifies this lapse in time even assuming SNAPS failure to originally include Mr. Schmidt in the pretrial order was inadvertent.

Further, discovery closed in this matter on November 20, 2023. ECF No. 113. No request to reopen discovery was received subsequent to that date for any purpose, let alone to take the deposition of Mr. Schmidt. While on January 17, 2024, the Court granted SNAPS prior counsel's motion to withdraw, rejected the original proposed JPTO, and set the due date for the Amended JPTO as February 17, 2024 (ECF No. 127), a review of the transcript of that proceeding shows nothing prevented SNAPS from seeking an extension of time to file the Amended JPTO. ECF No. 129. The Order setting the bench trial was issued on August 7, 2024. ECF No. 143. Again, SNAPS did not set Mr. Schmidt's deposition until September 6, 2024.

**II.     Discussion**

The Court finds SNAPS setting of a deposition long after the Court ordered the close of discovery is a facto attempt to modify the scheduling order. No motion or stipulation was filed seeking permission to conduct discovery approximately ten months after the discovery period closed. In fact, SNAPS does not address this issue, if at all, until its response to Mr. Kurian's Emergency Motion.

2

The U.S. District Court for the District of Nevada Local Rules require a party seeking "to extend any date set by a discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1," support the extension "by a showing of good cause for the extension." LR 26-3. If a party seeks "to extend a deadline … in a discovery plan … after the expiration of the subject deadline" that extension "will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id*. "As the Ninth Circuit stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), good cause for the modification of a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure primarily considers the diligence of the party seeking the amendment." *Carillo v. Las Vegas Metropolitan Police Department*, Case No. 2:10-cv-02122-JAD-GWF, 2013 WL 4432395, at *2 (D. Nev. Aug. 14, 2013). In the absence of diligence, the inquiry into modification of a scheduling order should end. *Johnson*, 975 F.2d at 609.

Despite listing Mr. Schmidt in a 2020 supplemental disclosure, SNAPS did not list him in the Amended JPTO submitted in February 2024. ECF No. 131. SNAPS provides nothing that explains why at no time after February 2024 and before September 2024 it did not attempt to amend the Amended JPTO or set Mr. Schmidt's deposition. The Court finds SNAPS unexplained failure is contrary to a demonstration of diligence. Therefore, SNAPS has not made a showing of "good cause." *Knaack v. Knight Transportation, Inc.*, Case No. 3:17-cv-00172-LRH-WGC, 2019 WL 1982523, at *7 (D. Nev. May 3, 2019). Discovery is not reopened for purposes of allowing SNAPS to take Mr. Schmidt's deposition.

Moreover, with respect to excusable neglect discussed for the sake of completeness,[3] as the Court previously explained, the potential prejudice to Mr. Kurian is clearly established by seeking to depose an expert witness—not listed in the Amended JPTO—just a few weeks before trial. *Epitech, Inc. v. Krause*, Case No. CV 15-05672 SJO (AGRx), 2016 WL 7637660, at *4 (C.D. Cal. Sept. 21, 2016); *see also Clark v. Thomas*, Case No. 2:09-cv-02272-JAD-GWF, 2014 WL 2573738, at *9 (D. Nev. June 6, 2014) ("Local Rule 16-3(c) [precludes a party] from trying to offer testimony

---

[3] The elements of excusable neglect are found in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395(1993).

3

from witnesses he did not timely disclose".). And, taking Mr. Schmidt's deposition at this juncture does not cure the prejudice to Mr. Kurian as the timing will disrupt the trial scheduled to commence ten days later. In fact, given the case load of the district judges in the District of Nevada, and that all criminal proceedings take precedent over civil proceedings, the trial in this five year old case would likely be delayed for many months. Had SNAPS acted diligently—something within its control—SNAPS could have, at a time reasonably close to when the Amended JPTO was filed, discovered its error, sought to amend the witness list to add Mr. Schmidt, and sought leave of court (months before the trial date) to take his deposition. SNAPS did none of those things. In sum, SNAPS not only fails to demonstrate diligence, but even presuming no bad faith, which the Court does presume, SNAPS has not demonstrated excusable neglect.

### III.  Order

Accordingly, IT IS HEREBY ORDERED that the Emergency Motion to Vacate Defendant/Counterclaimant's Trial Deposition of Expert Patrick Schmidt (ECF No. 151) is GRANTED.

Dated this 12th day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE