UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS K. KURIAN, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>SNAPS HOLDING COMPANY, a North Dakota domestic corporation,<br><br>Defendants/Counterclaimant. | Case No. 2:19-cv-01757-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Memorandum of Points and Authorities in Support of Attorneys' Fees and Costs (ECF No. 191) arising from the Court' September 16, 2024 Order granting Defendant Snaps Holding Company's ("Snaps" or "Defendant") Second Motion for Order to Show Cause (the "Motion" or "Motion to Show Cause"). Snaps seeks $36,216.00 in attorneys' fees and $2,073.34 in costs. ECF No. 191-2 at 4. Thomas Kurian ("Kurian" or "Plaintiff") argues the fees are excessive, the Court should reduce the award based on block billing, Snaps applies the wrong standard to the assessment of the fee award, Snaps fails to comply with Local Rule 54-14, and no documentation was attached to support costs. ECF No. 194.

**I.    Discussion**

Reasonable attorneys' fees are determined by state law where a federal court is sitting in diversity. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *Id*. at 549 and n.98 (quoting *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F.Supp.3d 1319, 1325-26 (D. Nev. 2014). Nevada law establishes the required showing to substantiate the attorneys' fees sought. *Winterrowd v. Am. Gen. Annuity*

1

*Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See, e.g.*, *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* N.R.C.P. 54(d)(2)(B). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).[1]

      A.     <u>The Hourly Rates Charged</u>

When reviewing hours claimed by the party to whom attorney's fees are awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted).

Two defense attorneys billed for preparation of the Motion to Show Cause heard by the Court on September 16, 2024. ECF No. 191-2. Lead counsel, John R. Neve, graduated from the University of Minnesota law school in 1997—approximately 27 years before the award of attorney's fees—and practices "almost exclusively in the field of business and commercial litigation …." ECF No. 191-1 ¶ 3. The associate on the matter, John Hayden, graduated from law school in 2023. *Id*. ¶ 4. Mr.

---

[1] Plaintiff argues the application of federal rules to the consideration of Defendant's attorney fee request is error; however, Plaintiff points the Court to U.S. District Court for the District of Nevada Local Rules 54-1(b) and 54-14(b)(3) as bases for rejecting some of Defendant's request. If local federal rules apply to this matter, before the Court on diversity, the Court finds the results obtained and novelty of the issues are well known as the Court had addressed the very matter that resulted in attorney's fees on several occasions before the award was granted. The time and labor was provided as was the skill required to perform the legal services. *See* ECF Nos. 191, 200. The costs are itemized to the penny at ECF No. 191-2. The Court accepts these representations as accurate as counsel are officers of the Court and there is nothing to suggest the airfare, hotel, transportation and parking are not as represented.

Neve states his billing rate is $560 an hour; whereas, Mr. Hayden's billing rate is $320 an hour. Mr. Neve is a seasoned professional who came into the case relatively late, but who garnered the complex underlying history of discovery in preparation for bringing the Motion to Show Cause leading to the award of fees. In 2023, one court in the District of Nevada found there is ample law establishing an "experienced litigator ... with a career spanning more than two decades" could justify a billing rate of $450 an hour. *Smith & Wesson Brands, Inc. v. SW North America, Inc.* Case No. 2:22-cv-01773-JCM-EJY, 2023 WL 7279950, at *3 (D. Nev. Nov. 3, 2023) (internal citations omitted). In *Wunderlich v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:21-cv-00486-JAD-EJY, 2021 WL 6138236, at *2 (D. Nev. Dec. 28, 2021), the Court approved a rate for a 30 year practitioner, whose reputation in the community was well known, at $550 per hour. Given Mr. Neve's 27 year career in business and commercial litigation, the Court finds a rate in 2024 of $560 an hour is not outside the prevailing market rates for the Las Vegas community.

Mr. Hayden had been practicing for approximately one year at the time he assisted with the Motion to Show Cause. In *Smith & Wesson*, the Court found a "rate of $315 per hour … reasonable" for an associate "with experience in commercial litigation and media law." 2023 WL 7279950, at *3 (citing *Sciara v. Campbell*, Case No. 2:18-cv-01700-DJA, 2021 WL 8321866, at *3 (D. Nev. Apr. 28, 2021) (finding an appropriate hourly rate for an associate with 10 years of experience to be $380-$390, and an associate with approximately 4 years of experience to be $325))." Here, Mr. Hayden, one year out of law school, cannot be considered an experienced litigator. In *Dentino v. Moiharwin Diversified Corp.*, Case No. 2:16-cv-904-VCF, 2017 WL 187146, at **2–3 (D. Nev. Jan. 17, 2017), the court granted fees for an associate at $225 per hour. In *Fifty–Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, Case No. 2:08-cv-00105-APG-GWF, 2017 WL 44942, at *2 (D. Nev. Jan. 4, 2017), the court granted fees at the hourly rate of $250 for an associate. Based on the data before it, the Court finds Mr. Hayden's 2024 hourly rate is above what the Las Vegas community would charge for an individual who is one year out of law school. The Court reduced Mr. Hayden's 2024 rate to $275 an hour.

B.   The Amount of Time Billed.

The Court considers whether time billed was duplicative, excessive, and or allowable under the Court's September 16, 2024 Order. The Court also considers whether block billing should result in reducing the number of hours billed. Overall, the Court notes that bringing the Motion to Show Cause was not "simple" as Plaintiff contends. While the law pertaining to discovery and its obligations may not be complex, the factual history underlying the Motion was complex and required significant analysis to present in a coherent fashion to the Court.

Defense counsel collectively billed 44 allowable hours preparing the Motion and engaging in the mandatory meet and confer efforts pre-motion practice.[2] Of those hours, the Court calculates 27.1 were spent by Mr. Hayden and 16.9 hours were spent by Mr. Neve. The Court further finds Mr. Hayden spent 1.4 allowable hours reviewing Plaintiff's Opposition, 3.7 hours preparing the Reply, and 10 hours traveling to and from Las Vegas, as well as in the hearing, for a total of 15.1 hours.[3] Mr. Neve spent a total of 14.8 allowable hours preparing the Reply, arguing the Motion to Show Cause, and traveling.[4] Mr. Neve also spent 2.5 hours preparing the memorandum in support of attorney's fees. At $275 an hour, attorney's fees for Mr. Hayden equal $11,605.00. At $560 an hour, attorney's fees for Mr. Neve equals $19,152.00.

---

[2] This number excludes .6 hours billed on July 28, 2024 for a conference regarding strategy, 1.0 hours billed on August 12, 2024 for correspondence with the client regarding "status and trial preparation; initial review of final draft of motion for order to show cause," and 1.0 hours billed on August 6, 2024 the Court ascribes to Mr. Hayden's preparation "for oral argument[]." Block bills for disparate tasks render it difficult to determine how much time was spent on the Motion versus other tasks. *Blade Room Group, LLC v. Emerson Electric Co.*, Case No. 5:15-cv-01379-EJD, 2019 WL 13036321, at *5 (N.D. Cal. Dec. 11, 2019) ("While block-billing is not prohibited in California, courts have routinely reduced a party's requested lodestar amount when the block-billing "made it difficult or impossible to determine from the records how much time had been reasonably spent on successful claims.") (citing, *inter alia*, *Bell v. Vista Unified Sch. Dist.*, 82 Cal.App.4th 672, 689 (2000) (explaining that court should exercise its discretion in assigning reasonable percentage to block-billed entries, or simply cast those entries aside) (additional citations omitted). The Court also disallows 1.5 hours billed on August 13, 2024 by Mr. Hayden, the associate, which he spent after Mr. Neve, the senior partner, completed his work on the Motion. *Lesevic v. Spectraforce Technologies Inc.*, Case No. 19-cv-03126-LHK, 2021 WL 1599310, at *5 (N.D. Cal. Apr. 23, 2021) ("if senior partners bill for completing a task, more junior attorneys should not bill for reviewing those partners' work absent special circumstances.").

[3] The Court reduces Mr. Hayden's time by 2.5 hours that was included in a block bill, which the Court ascribes to his analysis and discussion of the Court's decision reached at the hearing he attended, researching "adverse inferences, and the impact on trial." This time does not fall within the time for which attorney fees were granted.

[4] The Court reduces Mr. Neve's time based on an entry for preparing and overseeing filing and service of the Reply, reviewing the Order setting the hearing, booking flights and hotels, and analysis of the Court's decision and impact on trial as not allowable based on the reasons the fee award was granted.

4

     C.     Costs.

Counsel for Defendants represent they spent $1,443.92 for two round trip tickets from Minnesota to Las Vegas, $453.16 for two rooms for one night prior to oral argument on Defendant's Motion to Show Cause, and $176.26 for transportation to and from the airports and parking. These costs total $2,073.34. It is true that no receipts were provided; however, the Court finds the costs are itemized, easily understood, and noted in the declaration submitted by defense counsel. Defendant's costs are awarded as requested.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that the Memorandum of Points and Authorities in Support of Attorney's Fees and Costs (ECF No. 191) is GRANTED consistent with the Order above.

IT IS FURTHER ORDERED that total attorney fees in the amount of $30,757.00 and costs in the amount of $2,073.34 are due from Thomas Kurian to Snaps Holding Company within thirty (30) days of the date of this Order.

Dated this 4th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE