UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS K. KURIAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SNAPS HOLDING COMPANY,<br><br>　　　　　Defendant.<br><br>SNAPS HOLDING COMPANY,<br><br>　　　　　Counter-Claimant,<br><br>　vs.<br><br>THOMAS K. KURIAN,<br><br>　　　　　Counter-Defendant. | Case No.: 2:19-cv-01757-GMN-EJY<br><br>**ORDER RECONSIDERING SUMMARY JUDGMENT AND REOPENING TRIAL** |

This case involves an alleged breach of contract between Thomas Kurian and SNAPS Holding Company in which Kurian leased his spectrum license to SNAPS in exchange for monthly payment. The Court held the first part of the bench trial in this case from September 23 to September 27, 2024. (Trans. Proceedings, ECF Nos. 192, 193, 198, 199, 203, 204, 206, 208, 211, 212). The parties subsequently submitted closing briefs in place of oral closing arguments. (*See generally* Kurian Trial Br., ECF No. 215); (SNAPS Trial Br., ECF No. 216). The Court now reconsiders it Order on Motion for Summary Judgment, (ECF No. 55). In doing so, the Court vacates summary judgment previously granted for Kurian on his breach of contract and breach of the implied covenant of good faith and fair dealing claims, and it reopens trial on those claims and SNAPS' damages.

I.  **BACKGROUND**

The Court previously granted summary judgment for Kurian on his breach of contract and breach of the implied covenant of good faith and fair dealing claims and granted summary judgment for SNAPS on Kurian's fraud/misrepresentation claim and injunctive relief. (*See generally* Order Summ. J., ECF No. 55).  The case proceeded to trial on Kurian's intentional interference with prospective economic gain claim and the following SNAPS counterclaims: (1) unjust enrichment, (2) fraudulent misrepresentation, (3) negligent misrepresentation, (4) fraudulent inducement, (5) breach of covenant of good faith and fair dealing, and (6) tortious interference with prospective economic advantage. (*See id.*); (*see also* Order Granting Mot. Clarification, ECF No. 59).  Due to a disagreement between the parties regarding whether SNAPS' damages expert should be permitted to testify despite not having been included in the Joint Pretrial Order, the Court bifurcated the trial; the Court agreed to hold a second half of the trial on SNAPS' damages at a later date. (*See* Second Mot. Limine, ECF No. 175); (Mins. Proceeding Bench Trial Day 1, ECF No. 179).

At the bench trial, the Court heard evidence and legal argument on Kurian's remaining claim and damages, as well as on SNAPS' counterclaims.  Now, following the submissions of the parties' closing briefs for the first part of trial, the Court vacates summary judgment previously granted for Kurian on his breach of contract and breach of the implied covenant of good faith and fair dealing claims, reopens the trial to try those claims, and explains that SNAPS' damages expert will be permitted to testify at the second part of trial.

II.  **DISCUSSION**

In its Closing Trial Brief, SNAPS asks the Court to reconsider its Order on Summary Judgment. (SNAPS Trial Br. 36:8–18, ECF No. 216).  Because the Court concludes that vacatur of summary judgment on two of Kurian's claims is appropriate, the Court reopens trial

for the parties to put on evidence on Kurian's breach of contract claim, Kurian's breach of the implied covenant of good faith and fair dealing claims, and SNAPS' damages.

### A. Reconsideration of Summary Judgment

In its Closing Trial Brief, SNAPS asks the Court to reconsider its Order on Summary Judgment. (*Id.*). SNAPS explains that new evidence presented at trial undermines the Court's reason for granting summary judgment for Kurian on his breach of contract claim. (*Id.* 36:20–37:26). It also asks the Court to reconsider its granting of summary judgment on Kurian's breach of implied covenant of good faith and fair dealing claim because it asserts that the evidence presented at trial demonstrates that SNAPS did not breach the implied covenant of good faith and fair dealing. (*Id.* 38:2–19).

"[D]istrict courts may, and often do, reconsider earlier rulings as litigation proceeds." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 33 (9th Cir. 2025) (citing *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). This plenary power derives from the common law and is not limited by the provisions of the Federal Rules of Civil Procedure. *See id.* at 886–87. When a district court issues an interlocutory order, the power to reconsider or amend that order is not subject to the limitations of Rule 59. *Id.* at 885 (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)).

Courts also derive power to revise interlocutory orders from Federal Rule of Civil Procedure 54(b). Interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court has the power to reconsider its prior orders "at any time prior to final

judgment." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (citation omitted). This is true even if trial has concluded so long as judgment has not yet been entered. *Gray v. Hudson*, 28 F.4th 87, 102–03 (9th Cir. 2022).

SNAPS asks the Court to reconsider its summary judgment order on Kurian's breach of contract and breach of implied covenant of good faith and fair dealing claims. The Court considers SNAPS' arguments on each claim in turn.

### i. Breach of Contract

First, on Kurian's breach of contract claim, the Court based its granting of summary judgment in favor of Kurian on the fact that SNAPS did not "provide any evidence that it paid Plaintiff on February 1, 2016, as is required under the Agreement, or that it paid Plaintiff later." (Order on Summ. J. 10:21–11:2, ECF No. 55). But at trial, the following exchange took place between SNAPS' attorney and Kurian during his testimony:

Q: And my question on this for this examination is, you received every payment under the lease –

A: I don't –

Q: – up until March of 2019, correct?

A: Up until February 2019. I received no payment in March.

Q: In the month that you terminated, correct?

A: That's correct.

(Day 2 Trans. 44:25–45:6).

By stating that he received all payments up until February 2019, and specifying only that he did not receive a March 2019 payment, Kurian appears to have testified that he received the February 2019 payment from SNAPS. Because the Court's granting of summary judgment in favor of Kurian was based solely on the lack of evidence from SNAPS on whether it made the February 2019 payment, the Court finds that this new testimony presents at least a genuine

issue of material fact as to whether SNAPS materially breached the contract by failing to make its required February monthly payment. The Court concludes that this testimony is sufficient cause for the Court to reconsider its granting of summary judgment on this claim because the lack of evidence on the February 2019 payment was the basis for this Court's granting of summary judgment. *See Santa Monica Baykeeper*, 254 F.3d at 885 (explaining that a district court has the inherent power to "reconsider, rescind, or modify and interlocutory order for cause seen by it to be sufficient"). Upon reconsideration of this claim, the Court finds that there is a genuine issue of material fact as to whether SNAPS breached the contract. Accordingly, the previous granting of summary judgment in favor of Kurian on his breach of contract claim is VACATED.

### ii. Breach of the Implied Covenant of Good Faith and Fair Dealing

SNAPS also argues that the Court should reconsider its previous granting of summary judgment for Kurian on his breach of implied covenant of good faith and fair dealing claim. (SNAPS Trial Br. 38:1–19). At summary judgment, the Court concluded that SNAPS breached the implied covenant of good faith and fair dealing because it failed to build out the infrastructure to provide substantial service. (Order Summ. J. 13:15–22). But, as was made clear at trial, the Spectrum Agreement between the parties specifically required SNAPS to provide substantial service. (Spectrum Agreement § 6(b), Plaintiff's Tr. Ex. 1). Because a claim for breach of the implied covenant of good faith and fair dealing "requires literal compliance with the terms of the contract," and SNAPS was required by the Agreement to provide substantial service, its alleged failure to provide substantial services would not constitute "literal compliance with the terms of the contract." *See Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991). SNAPS' failure to provide substantial service therefore cannot constitute a breach of the implied covenant of good faith and fair dealing. *See id.* Accordingly, the Court also VACATES its granting of summary judgment for

Kurian on his breach of the implied covenant of good faith and fair dealing claim. Because the parties did not present evidence on Kurian's breach of contract and breach of the implied covenant of good faith and fair dealing claims, the Court reopens trial on those two claims.

**B. Bifurcated Trial**

The Court previously bifurcated trial to give time to the parties to cure any prejudice the exclusion of SNAPS' damages expert had on Kurian. (Day 1 Trans. 10:6–10, ECF No. 208). Rule 37(c)(1) of the Federal Rules of Civil Procedure "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

But if the sanction amounts to dismissal of a claim, a court is required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and must also consider the availability of lesser sanctions. *R & R Sails*, 673 F.3d at 1247. When addressing the SNAPS' Motion in Limine during the first day of trial, the Court found that SNAPS' noncompliance was not willful or in bad faith. (Day 1 Trans. 9:12–25). Due to the potential prejudice Kurian would suffer due to the last-minute addition of the expert to the witness list days before trial began, however, the Court decided to bifurcate the trial and hear SNAPS' damages evidence in the second part of trial. (*Id.* 10:6–11:18).[1] The purpose of bifurcating this trial was to allow time for Kurian to explain what curative action he would like to take to

---

[1] Under Rule 42(b) of the Federal Rules of Civil Procedure, a Court can order a separate trial of one of more separate issues for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. Pro 42(b). Courts regularly separate the liabilities and damages portions of trials. 9A Wright and A. Miller, Fed. Prac. & Proc. Civ. § 2390 (3d ed.).

address any prejudice caused by SNAPS' failure to list its damages expert on the Joint Pretrial Order. (*Id.*).  The Court ultimately granted SNAPS' Motion in Limine seeking permission to have its damages expert testify at trial, because it found that the modification would be harmless if the trial was bifurcated and SNAPS' damages evidence was presented at a later date. (*Id.* 12:6–11).

Because the Court previously granted SNAPS' Motion in Limine, SNAPS' damages expert will be allowed to testify at the second part of the trial.  To schedule the second part of trial on Kurian's breach of contract and implied covenant of good faith and fair dealing claims and SNAPS' damages, the parties are also ordered to file a Joint Status Report indicating the dates they are available for trial and the estimated length of trial.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the portion of the Court's Order on Summary Judgment, (ECF No. 55), that granted summary judgment for Plaintiff on his breach of contract claim and breach of the implied covenant of good faith and fair dealing claim is **VACATED**.

**IT IS FURTHER ORDERED** that trial is reopened on Kurian's breach of contract claim, Kurian's breach of implied covenant of good faith and fair dealing claim, and SNAPS' damages.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report in 14 days of the date of this Order that provides the Court with three dates that the parties are available for the second part of the trial after October 27, 2025.  The Joint Status Report must also indicate the number of days each party anticipates the second part of the trial lasting.

**DATED** this __21__ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT